GEORGE CARTER *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex. November 10, 1909. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence. Street Railway. Carrier,* Of passengers. *Evidence,* Of assent by silence.

In an action against a street railway corporation for personal injuries alleged to have been sustained while the plaintiff was boarding a car of the defendant as a passenger, if there is evidence tending to show that at a signal from the plaintiff the car had come to a stop at a usual stopping place, and that when the accident occurred the plaintiff was in the act of entering the car with one foot upon the step without any objection or warning from the conductor, who was standing in the doorway which the plaintiff was about to enter, a finding is warranted that the plaintiff was a passenger when he received his injuries.

In the use of the kind of street railway car which is called semi-convertible and in which the doors are opened and shut by a device operated by the motorman, it is not necessary that the door to admit passengers should be entirely open in order that an assent to the entrance of a passenger may be inferred from the silence of the conductor who is standing in the doorway. It is enough to warrant

such an inference of assent if the door is open so far that the person proposing to enter as a passenger is justified in believing that the opening is intended to afford him an opportunity to enter and no objection to his doing so is made by the conductor.

In an action against a street railway corporation for personal injuries alleged to have been sustained while the plaintiff was in the act of entering a car of the defendant as a passenger, if it appears that the car was of the kind which is called semi-convertible and in which the doors are opened and shut by a device operated by the motorman, and the evidence tends to show that the door when nearly open came to a stop and then started to open farther, that the plaintiff, believing that the doorway was ready for him to enter, it being in the evening and very dark, in feeling for the handle of the door or the rail put his hand upon the door itself and that the door in opening the rest of the way cut off the end of his finger, and if it also appears that during this time the conductor was standing in the doorway and was silent and gave the plaintiff no warning, it cannot be ruled as matter of law that the plaintiff was not in the exercise of due care in placing his hand upon the door instead of upon the handle of the door or upon the rail next to it to assist him in entering.

It cannot be stated as a general proposition of law that a conductor of a street railway car is not bound to warn a person intending to enter the car not to place his hand on a door that is in the process of opening, because the circumstances may be such that the conductor has reason to apprehend that a person intending to enter the car may sustain an injury in entering it by placing his hand on the door which is in the process of opening, if he is not warned, and in that case it is the duty of the conductor to give such a warning.

In an action against a street railway corporation for personal injuries alleged to have been sustained while the plaintiff was in the act of entering a car of the defendant as a passenger, if it appears that the car was of the kind which is called semi-convertible and in which the doors are opened and shut by a device operated by the motorman, and the evidence tends to show that the door when nearly open came to a stop and then started to open farther and in opening the rest of the way cut off the end of the plaintiff's finger, there being other evidence tending to show that the plaintiff in placing his hand on the door was in the exercise of due care, a finding is warranted that the plaintiff's injury was due either to negligence on the part of the motorman who operated the lever which opened and shut the door or to some defect in the construction of the car.

TORT for personal injuries alleged to have been received by the plaintiff on the evening of September 24, 1907, at or near the corner of Lowell Street and West Street in Wilmington, by reason of getting his finger caught in the rear door of a car of the defendant which he was entering as a passenger. Writ dated November 25, 1907.

In the Superior Court the case was tried before *Bell*, J. The plaintiff testified that he was sixty-nine years of age ; that he was a crossing tender or gateman at Grove Street in Wilmington for the Boston and Maine Railroad ; that on the night in question he waited about twenty-five minutes for the car, which

was twenty minutes late ; and that he signalled to the motorman to stop the car.   He then testified as follows : " The car door was about half the length of the car back.   I stepped back to the car door.   This car was a semi-convertible car ; the doors, operated by the motorman, open and shut.   I stepped back to the door, supposing it was ready for me to enter.   The door was opened and I supposed it was ready for me to enter.   I reached up for the railing to catch hold with my hand, and at the same time stepped on to the step and as I did so, the door started to open farther and took my finger right into the panel, taking the end of it right off, and at the same time [I] kind of felt a little pitch forward, kind of pitched into the car at the same time."   He testified further that it was very dark ; that there was no street light there ; and that he thought that it was cloudy and had been raining before he left his work ; that there was a light in the vestibule of the car, but not a very bright one ; that this was a regular stopping place of the car ; that the conductor stood in the car doorway, and that the plaintiff was directly within his range of vision ; that the conductor did not say a word ; that the plaintiff did not hear a warning of any kind ; that he was not aware at the time he entered that there was any danger connected with the door ; that these cars with the doors worked by the motorman had then been in operation fifteen or sixteen months ; that he never had had on entering such a car the experience of the door starting back farther ; that he was not aware that the door was likely to start back after it had come to rest ; and that he supposed the door was as far open as it was going.

The testimony of other witnesses showed that on the cars called semi-convertible when the door starts to open the step begins to drop ; and that when the door is open twelve inches the step is fully down, and after that there is no connection with the door ; and that in the case at bar the step came down when the door was open about a foot.

Other evidence and the findings warranted by the evidence are stated in the opinion.   At the close of all the evidence the defendant asked the judge to make certain rulings, including those which are quoted in the opinion.   The judge refused to make any of the rulings requested and submitted the case to the

jury. At the close of the charge the defendant "excepted to that portion of the charge wherein the court left it to the jury to say whether a man can become a passenger on a car such as this before the door is entirely open."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. H. E. Freund,* for the defendant.

*E. F. McClennen,* for the plaintiff.

MORTON, J. This is an action of tort for personal injuries. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge to give certain rulings that were requested and to that portion of the charge which left it to the jury to say whether the plaintiff could become a passenger before the door was entirely open. All of the rulings requested except rulings 2, 3 and 5 have been waived. Those are as follows:

"2. There is no legal duty on the part of a conductor to warn a person intending to take a car not to place his hand upon a door which is in the process of opening. 3. There is no evidence in this case that the car was of improper design or construction." "5. If the plaintiff in feeling for the handle of the door before the door was entirely open accidentally put his hand upon the door of the car, thereby catching his finger and causing it to be crushed, he would not be entitled to recover for there would be no evidence of negligence on the part of the defendant."

We think that the rulings thus requested were rightly refused, and we see no error in the rulings and instructions that were given. It was for the jury to say whether the plaintiff had become a passenger at the time when he was injured. There was evidence tending to show that the car had come to a stop at a usual stopping place, at his signal, and that when the accident occurred he was in the act of entering the car, with his foot upon the step, without any objection or warning from the conductor who was standing in the doorway. This evidence, if believed, warranted a finding that the plaintiff was a passenger when injured. Evidence introduced by the defendant would warrant the inference that the plaintiff attempted to board the car before it came to a full stop and before the conductor had a

chance to warn him; but what the facts were in regard to the matter was plainly for the jury. The plaintiff could not become a passenger without the assent, expressed in some form, of the conductor. Such an assent might be understood from the absence of any objection. It was not necessary to constitute such an assent that the door should be entirely open. It was enough if it was opened so far that the plaintiff was justified in believing that it was intended to afford him an opportunity to enter and no objection was made to his doing so by the conductor.

It could not be ruled as matter of law that the plaintiff was not in the exercise of due care in placing his hand upon the door instead of upon the handle or the rail next to it, to assist him in entering, if he believed, as he testified that he did, that the door was open, and he received no warning to the contrary from the conductor. Neither could it be ruled as a general proposition of law that a conductor was not bound to warn a person intending to take a car not to place his hand upon a door that was in the process of opening. If the circumstances were such that a conductor would have reason to apprehend that a person intending to take a car might sustain injury in entering it by placing his hand upon a door that was in the process of opening, if not warned, then in the exercise of the high degree of care required of him it would be his duty to give such warning. The second request was therefore properly refused. The plaintiff's testimony tended to show that the door came to a stop when nearly open and then started again. This could have been found to be due either to negligence on the part of the motorman who operated the lever which opened and shut the door, or to some defect in the construction of the car. The third request could not therefore have been properly given. The fact that the plaintiff in feeling for the handle may have accidentally put his hand upon the door before it was entirely open would not prevent him from recovering if he was in the exercise of due care and the injury which he received was due to the negligent manner in which the door was operated or to a defect in the construction of the car. The judge therefore properly declined to give the fifth request.

*Exceptions overruled.*