UNION GLASS COMPANY *vs.* CITY OF SOMERVILLE.

Middlesex.    June 18, 1917. — September 13, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Evidence,* Competency, Of value, Admissions, Opinion: experts, Returns to Tax Commissioner. *Witness,* Impeachment of. *Corporation,* Returns to Tax Commissioner. *Practice, Civil,* New trial.

At the trial of a petition under St. 1906, c. 463, Part I, § 37, by a corporation for the assessment of damages to the petitioner's land and factories by changes of grade made in the abolition of the grade crossing of a railroad with a highway, where the president of the petitioner has testified as a witness, the presiding judge in his discretion may admit in evidence, as bearing upon the credibility of the witness, the annual reports made by the petitioner to the Secretary of the Commonwealth under St. 1903, c. 437, § 45, R. L. c. 110, § 51, and Pub. Sts. c. 106, § 54, and a letter to the local assessor, all signed by the witness as president, who in his testimony had placed the value of the corporate property materially in excess of the statements of such value in the reports and the letter, and also may admit in evidence for the same purpose returns to the Tax Commissioner for certain years made under Pub. Sts. c. 13, § 38, as amended by R. L. c. 14, § 37, which, although not signed by the witness, could be found by the jury to have been rendered with his knowledge and consent.

In the same case it was *held,* that the reports and returns, which were made before August 1, 1903, having been executed by the petitioner's officers, were competent evidence of value in behalf of the respondent.

It is within the discretionary power of a presiding judge to determine whether a witness offered as an expert is qualified sufficiently to give an opinion on the matter in question.

In the same case it was *held,* that, in admitting the returns in evidence, the presiding judge should have instructed the jury to disregard the items stating the market value of the shares of the petitioner, as these statements, required by statute to be made for the information of the Tax Commissioner, did not represent that the market or trading value of its capital stock corresponded with the value of its real estate that had been damaged by the changes of grade.

In the same case it was *said* that it was not necessary to decide whether under St. 1913, c. 716, § 1, the error mentioned above would have been sufficient to require a new trial, as a substantial error was committed in admitting other evidence.

In the same case it was *held* that the admission in evidence of returns, made by the corporation to the Tax Commissioner after August 1, 1903, when St. 1903, c. 437, § 48, took effect, which made such returns confidential and privileged and no longer admissible in evidence as admissions, was a material error seriously prejudicial to the petitioner, and required that the exceptions should be sustained. Following *Brackett* v. *Commonwealth,* 223 Mass. 119, 126.

PETITION, filed in the Superior Court on March 2, 1911, under St. 1906, c. 463, Part I, § 37, for the assessment by a jury of damages to the petitioner's land and glass factories on Webster Avenue and Prospect Street in Somerville by the changes of grade made in the abolition of a grade crossing of the tracks of the Fitchburg Railroad Company over Webster Avenue, near the station of the Fitchburg division of the Boston and Maine Railroad called Union Square.

The case was tried before *Fessenden*, J. The jury returned a verdict for the petitioner in the sum of $18,090; and the petitioner alleged exceptions relating to the admission of evidence, which are described in the opinion.

The case was submitted on briefs.

*G. L. Mayberry & L. A. Mayberry*, for the petitioner.

*F. W. Kaan*, for the respondent.

BRALEY, J. The petitioner's exceptions having been duly allowed, and no motion to dismiss the exceptions having been filed in this court by the respondent, the questions presented by the record are properly before us. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 312.

The petitioner is a domestic corporation, and its lands having been entered upon for the purpose of raising the grade of certain public ways in connection with the abolition of a railroad crossing at grade, this petition was brought under St. 1906, c. 463, Part I, § 37. The only issue at the trial was the amount of damages. But, the discrepancy between the amount claimed and the amount awarded by the verdict being very substantial, the petitioner asks that a new trial be ordered because of erroneous rulings in the admission of evidence.

The annual reports made by the petitioner to the Secretary of the Commonwealth, as required by St. 1903, c. 437, § 45, R. L. c. 110, § 51, Pub. Sts. c. 106, § 54, and the letter to the local assessors, all of which were signed by its president, whose testimony placed the value materially in excess of the statements of value of the corporate property shown by the reports and letter, as well as the returns to the Tax Commissioner for the years 1892 to 1899, inclusive, and for 1901, 1902 and 1903, made under Pub. Sts. c. 13, § 38, as amended, and R. L. c. 14, § 37, which, although not signed by the witness, the jury could find were rendered with his

knowledge and consent, were on the record admissible in the discretion of the judge as bearing upon the credibility of the witness and upon the weight which should be given to his testimony. *Brigham* v. *Clark,* 100 Mass. 430. *Whipple* v. *Rich,* 180 Mass. 477. *Jennings* v. *Rooney,* 183 Mass. 577. *Peabody* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 489, 491, 492. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co.* 188 Mass. 407, 408.

It also is plain that, having been duly executed by the petitioner's officers, all the reports and returns above described were relevant evidence in behalf of the respondent. Pub. Sts. c. 13, § 38, and amendatory acts. R. L. c. 14, § 37. St. 1903, c. 437, § 45. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co. supra. Smith* v. *Paul Boyton Co.* 176 Mass. 217. *Pells* v. *Webquish,* 129 Mass. 469, 473.

Nor does error appear in the admission of the evidence of the respondent's expert. The judge was to determine whether the witness was sufficiently qualified to give an opinion, and his discretion is not shown to have been wrongly exercised. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 533.

It is contended further that, even if the returns were admissible, the jury should have been instructed to disregard the item showing the market value of the shares. This instruction should have been given. While required by statute to be stated for the information of the Commissioner who shall annually ascertain from the returns or in any other manner the market value of the shares of the capital stock of each domestic corporation to enable him to ascertain the fair cash value of all the shares constituting its capital stock for the purpose of assessing the franchise tax, the petitioner by this item did not represent that the market or trading value of its capital stock corresponded with the value of its real property for which damages were claimed. St. 1909, c. 490, Part III, § 41.

It is unnecessary to decide whether under St. 1913, c. 716, § 1, this error would have been sufficient to require a new trial, as the returns for the years 1904 to 1911 should have been excluded.

By St. 1903, c. 437, § 48, which took effect on August 1, 1903, they are made confidential or privileged, and can no longer be introduced as pointed out in *Brackett* v. *Commonwealth,* 223 Mass. 119, 126, decided since the trial of the case at bar. The admission

of this material evidence which was seriously prejudicial to the petitioner, requires that the exceptions should be sustained.

*So ordered.*