APOSTOLOS A. JOHNSON & another vs. CITY OF LOWELL.

Middlesex. · November 8, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Damages,* For land taken or damaged under statutory authority. *Eminent Domain. Mortgage,* Of real estate. *Evidence,* Of value; Expert: opinion; In rebuttal. *Practice, Civil,* Amendment, Conduct of trial.

At the trial of a petition for the assessment of damages caused by a taking by the respondent, a city, of land of the petitioner for the purpose of the city's water supply, it appeared that the land taken was subject to mortgages which were duly recorded, and there was no allegation to that effect in the petition. At the close of the evidence and before the closing arguments the respondent moved that the petition be dismissed for that reason. The petitioner thereupon moved to amend the petition to have the mortgagees summoned as parties. The motion was allowed. The mortgagees thereupon, without previous notice to the respondent, moved for leave to appear and to join as petitioners and in writing waived notice, a desire to present evidence and to be heard. Their motions were allowed, the respondent's motion to dismiss was disallowed and, no request being made by the respondent for leave to introduce further evidence, the case then was submitted to the jury. *Held,* that

(1) Although the mortgagees were necessary parties to the petition, the petitioner in the circumstances was not obliged to discontinue at the close of the evidence, and his motion to amend properly was allowed;

(2) The rulings as to admission of the mortgagees as parties did not harm the respondent and were within the discretionary power of the judge.

At the trial of the petition above described, it appeared that the taking by the respondent was in 1919, and there was evidence that, with the exception of a sale in 1917 of "a piece of property . . . from the property taken by the" respondent, there had been no sales of similar land since 1914. As to evidence admitted subject to exceptions by the respondent, it was *held,* that

(1) Sales of other land in 1911, 1913 and 1914, some of which in common with the petitioner's land abutted on the same public way and was distant from it "from a quarter of a mile to a half a mile" and "three quarters of a mile," on which the plaintiff's experts partially based their opinion of the value of the land in question, were in the circumstances neither so remote in time, nor relating to land so distant, as to require a ruling as matter of law that such evidence was not admissible within the discretion of the judge;

(2) Evidence of the price "per square foot" paid for the lot sold in 1914 adjoining the petitioner's land, including a building, the value of which was estimated at a certain amount by the witness who was qualified to give an opinion, was admissible, the estates being similar in character;

(3) An opinion as to the value of the land in question, given by a witness qualified as an expert as to valuations of land in the vicinity and by knowledge of the land in question, is not rendered inadmissible because he testified

"that he had heard of sales within the vicinity of the land in question; — he knew of none of his own knowledge;"

(4) Evidence that, a year before the taking, the property was "in the best,— fine condition," was irrelevant and should have been excluded; but the exception to its admission was overruled, it appearing that the respondent did not except to the further statement of the witness, "that at the time the city took the premises . . . the house was then in good condition; that after the city took the premises the tenant . . . spoiled the house;"

(5) It was reversible error to permit the petitioner, after the respondent under St. 1913, c. 401, had introduced the valuation of the premises by the assessors for purposes of taxation for three years preceding the taking, to show in rebuttal the "assessed value" of various parcels in the vicinity and "one half mile distant" sold in other years, and that the assessment thereon was one cent per square foot.

PETITION, filed in the Superior Court on November 12, 1919, for the assessment by a jury of damages resulting to the petitioners from the taking by the respondent for the purpose of protecting and increasing its water supply for domestic use of approximately three hundred and ninety-two thousand, eight hundred and sixty-six square feet of land of the petitioners, bounded in part by the Pawtucket Boulevard, the Old Ferry Road and other land of the respondent.

In the Superior Court, the petition was tried before *Fosdick,* J.

One Simon B. Harris, referred to in the opinion as "the petitioner's remaining expert," testified as to his qualifications as an expert on land values in the vicinity of the land in question and his acquaintance with it for about fifty years, and described it. He also testified "that he had heard of sales within the vicinity of the land in question; — he knew of none of his own knowledge." Subject to an exception by the respondent, he was permitted to give his opinion of the fair market value of the land in question.

Other proceedings at the trial and material evidence are described in the opinion. The jury found for the petitioners in the sum of $7,975; and the respondent alleged exceptions.

*W. D. Regan,* for the respondent.

*B. Silverblatt,* for the petitioners.

BRALEY, J. This was a petition for the assessment of damages for taking the petitioners' land for the purpose of protecting and increasing the city's water supply for domestic use.

The land having been subject to mortgages which the petition failed to show with the name of the mortgagee, the respondent

at the close of the evidence moved for a ruling that the petitioners "cannot have damages assessed in this action." It was said in *Bates* v. *Boston Elevated Railway*, 187 Mass. 328, 337, "Where land taken or otherwise affected by the exercise of eminent domain is under a mortgage or mortgages when compensation therefor becomes due, the compensation, in the absence of any statute on the matter, is at law the property of the mortgagor." But under St. 1881, c. 110, Pub. Sts. c. 49, § 110, R. L. c. 48, § 114, St. 1917, c. 344, Part II, § 84, "If mortgaged land is taken for public uses under authority of law, both mortgagors and mortgagees, in addition to their rights under the mortgage, shall have the same powers, rights and privileges and be subject to the same liabilities and duties as are provided by sections one hundred and twelve and one hundred and thirteen of chapter one hundred and eleven of the Revised Laws or acts in amendment thereof, or in addition thereto, in the case of mort- gaged lands so taken by railroad corporations." A remedy is thus provided "for mortgagors and mortgagees, by adopting for them, in all cases, the statutes which had previously applied only in cases where land had been taken by railroad corporations." *Wood* v. *Westborough*, 140 Mass. 403, 409. And under R. L. c. 111, §§ 112, 113, the mortgagor and mortgagee may join in a single petition or may proceed separately. The petitions however must state all existing mortgages on the premises, and where there is no joinder of parties, the court "shall order the petitioner to give notice thereof to all parties interested as mortgagors or mort- gagees." R. L. c. 111, § 112. The purpose of these provisions is that with all parties in interest before the court the damages assessed may be apportioned by separate judgments as the rights of the parties may appear, and ordered paid accordingly. *Taber* v. *Boston*, 190 Mass. 101. The petitioners were not obliged to discontinue, but could ask for leave to amend by summoning in the mortgagees, and the amendment presented before the closing arguments began was properly allowed. R. L. c. 175, § 48. Motions of the mortgagees for leave to appear and to join the petitioners having been allowed by the court and each of them having filed "a written waiver of notice and . . . of a desire to present evidence, and to be heard . . . ," the notice provided by the statute became unnecessary.

The respondent urges that because no copies of the motion and waivers were delivered to its solicitor before action was taken, the "motions and waivers should have been disallowed." But having been duly recorded the respondent had constructive notice of the existence of the mortgages, the validity of which was unquestioned, and after the allowance of the amendment no request was made for leave to introduce further evidence. We are not aware of any imperative rule of law which prevented the judge from thus expediting the proceedings for the manifest benefit of the parties.

The exceptions to the admission of evidence remain for decision.

It is settled that whether a witness offered as an expert is qualified to give an opinion, rests very largely in the discretion of the presiding judge whose decision will not be reversed unless clearly erroneous as matter of law. *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527. *Carter* v. *Boston & Northern Street Railway*, 205 Mass. 21. The petitioners' land and buildings were taken on May 27, 1919, and the jury could find that with the exception of a sale in 1917 of "a piece of property . . . from the property taken by the city," there had been no sales of similar land since 1914. The sales of other land some of which in common with the petitioners' land abutted on the boulevard, "from a quarter of a mile to a half a mile" and "three quarters of a mile" in 1911, 1913 and 1914, on which the petitioners' experts partially based their opinion of the value of the land in question, were under the circumstances neither so remote in time, nor the other land so distant, as to require us to hold as matter of law that such evidence was not admissible within the discretion of the judge. *Benham* v. *Dunbar*, 103 Mass. 365. *Gardner* v. *Brookline*, 127 Mass. 358. *Teele* v. *Boston*, 165 Mass. 88, 90. *Peabody* v. *New York, New Haven & Hartford Railroad*, 187 Mass. 489. *Fourth National Bank of Boston* v. *Commonwealth*, 212 Mass. 66. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, and cases there collected.

The evidence of the price "per square foot" paid for the lot sold in 1914 adjoining the petitioners' land, including the building the value of which was estimated at a certain amount by the

witness who was qualified to give an opinion, was admissible, the estates being similar in character. *Cole* v. *Boston*, 181 Mass. 374, 375. *Old Colony Railroad* v. *F. P. Robinson Co.* 176 Mass. 387, 389. *Harrington* v. *Boston Elevated Railway, supra.*

The petitioners' remaining expert, whose general qualifications appear to have been sufficient, among other reasons for his opinion said, "that he had heard of sales within the vicinity of the land in question; — he knew of none of his own knowledge." The witness properly could state as one of the reasons on which he formed his judgment as to the value what he had learned from inquiries he had made and the answers given. *Hunt* v. *Boston*, 152 Mass. 168, 169. "An expert may testify to value although his knowledge of details is chiefly derived from inadmissible sources, because he gives the sanction of his general experience. But the fact that an expert may use hearsay as a ground of opinion does not make the hearsay admissible." *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257, 261.

The value of the property at the date of the taking was the measure of damages, and evidence that a year before that date, it was "in the best, — fine condition," was irrelevant and should have been excluded. See *Droney* v. *Doherty*, 186 Mass. 205, 207. The error however was harmless, for the respondent did not except to the further statement of the witness, "that at the time the city took the premises . . .. the house was then in good condition; that after the city took the premises the tenant . . . spoiled the house." *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 23. The trial occurred a year after the taking, and if the record showed that the jury took a view, the admissibility of this evidence would require further consideration.

The respondent having introduced the valuation of the premises by the assessors for purposes of taxation for three years preceding the taking, the petitioners were allowed to show in rebuttal, the "assessed value" of various parcels in the vicinity and "one half mile distant" sold in other years, and that the assessment thereon was one cent a square foot. The evidence was incompetent whether offered in chief or in rebuttal. It is only by force of St. 1913, c. 401, that the assessed valuation for three preceding years is admissible as tending to show the fair market value of the land at the time when it was taken. *Randridge* v. *Lyman,*

124 Mass. 361, 364. See *Commonwealth* v. *Quinn,* 222 Mass.. 504, 516. We are of opinion that this evidence was so material as to mislead and prejudice the jury, and that its admission requires the verdict to be set aside. *Union Glass Co.* v. *Somerville,* 228 Mass. 202.

*Exceptions sustained.*