JOSEPH E. BENNETT, TRUSTEE, *vs.* BROOKLINE
REDEVELOPMENT AUTHORITY.

Norfolk.     March 29, 1961. — April 6, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Evidence,* Of value, Assessors' valuation.  *Redevelopment of Land.  Eminent Domain,* Taking by redevelopment authority.

By reason of G. L. c. 121, §§ 26BB, 26QQ, the provisions of c. 79, § 35, were applicable and permitted the introduction of the assessors' valuation in evidence in a proceeding for assessment of damages for a taking of land by eminent domain by a redevelopment authority.

PETITION filed in the Superior Court on August 26, 1959.
The case was tried before *Donahue,* J.

The case was submitted on briefs.

*John F. Elliott & Maurice H. Richardson, III,* for the respondent.

*Harold M. Linsky & J. Burke Sullivan,* for the petitioner.

SPALDING, J.  This is a petition for the assessment of damages for a taking of land of the petitioner by the Brookline Redevelopment Authority (hereinafter called the authority) under G. L. c. 121.  At the trial the authority sought, under G. L. c. 79, § 35, to introduce the assessors' valuation of the property taken for the three years next preceding the date of the taking.  This evidence was excluded.  The authority excepted and made appropriate offers of proof.  The sole question is whether G. L. c. 79, § 35, is applicable when land is taken by a redevelopment authority.

Evidence of assessed value was not admissible at common law as proof of value.  *Flint* v. *Flint,* 6 Allen, 34, 37. *Kenerson* v. *Henry,* 101 Mass. 152, 155.  *Commonwealth* v. *Quinn,* 222 Mass. 504, 516.  *Johnson* v. *Lowell,* 240 Mass. 546, 550–551.  *Wenton* v. *Commonwealth,* 335 Mass. 78, 81.

By statute, however, "The valuation made by the assessors of a town for the purposes of taxation for the three years next preceding the date of the taking of . . . real estate by the commonwealth or by a county, city, town or district under authority of law may, in proceedings, brought under section fourteen to recover the damages to such real estate . . . be introduced as evidence of the fair market value of the real estate by any party to the suit . . . ." G. L. c. 79, § 35. The authority concedes that it is not one of the governmental bodies enumerated in § 35, but argues that, since takings by eminent domain by a redevelopment authority are made subject to the provisions applicable to a housing authority for such takings (G. L. c. 121, § 26QQ), G. L. c. 121, § 26BB, which governs takings by a housing authority, makes G. L. c. 79, § 35, applicable to a redevelopment authority. This contention impresses us as sound.

Section 26BB of G. L. c. 121 gives a housing authority power to take by eminent domain and specifies that, "[e]xcept as herein otherwise provided, the provisions of . . . [c. 79] relative to counties, cities, towns, and districts, so far as pertinent, shall be applicable to a housing authority . . . ." A redevelopment authority has power to take by eminent domain and is subject to the provisions of G. L. c. 79 by reason of the law governing housing authorities which is made applicable to redevelopment authorities by G. L. c. 121, § 26QQ.[1]

The reference in G. L. c. 121, § 26BB, to G. L. c. 79 is general. There is nothing to indicate that the reference was intended to apply only to the substantive provisions of c. 79 in contradistinction to those of a procedural or adjective nature. We are of opinion that the provisions of G. L. c. 79 generally govern takings by a redevelopment authority. The general reference in G. L. c. 121, § 26BB, however, might not be enough to make § 35 of c. 79 applicable, because § 35 by its terms refers only to takings by the Com-

---

[1] Section 26QQ provides, in part, that "all the provisions of law applicable to housing authorities in cities and towns, and the members thereof with respect to land assembly and redevelopment projects shall be applicable to redevelopment authorities and the members thereof."

monwealth, counties, cities, towns, and districts. But § 26BB goes further; it specifies that the provisions of c. 79 relating to "counties, cities, towns, and districts" shall also apply to housing authorities. And since, as noted above, G. L. c. 121, § 26QQ, makes § 26BB applicable to a redevelopment authority, it follows that § 35 applies to a redevelopment authority as well as to a housing authority.

The only relevant limitation in the reference to c. 79, in § 26BB, is that the provisions of c. 79 must be "pertinent." Whatever evidentiary value assessed valuations may have, it is clear that a change in the taking authority does not make them any the less pertinent.

The petitioner correctly contends that the case of *Amory* v. *Commonwealth*, 321 Mass. 240, relied on by the authority, is distinguishable. In that case the assessors' valuation was held competent under § 35 by reference to § 45 of c. 79 and § 4 of the enabling act, St. 1927, c. 321. The taking there was for the Commonwealth, which was a party in the assessment proceedings. Thus, although § 4 of St. 1927, c. 321,[1] made the provisions of c. 79 generally applicable, without reference to any specific governmental body, such a reference was unnecessary because § 35 of c. 79 by its terms covered takings by the Commonwealth. There was no need, as there is here, to find, in the general reference to c. 79, words that would place the taking authority in the same position as the governmental entities enumerated in § 35. On the other hand, the *Amory* case does lend some support to the conclusion that a general reference such as is contained in c. 121, § 26BB, should be extended beyond the purely substantive provisions for takings "in order to secure uniformity in the assessment of damages." 321 Mass. 240, 244.

The exclusion of the assessors' valuations was error, and the authority's exceptions must be sustained.

*So ordered.*

---

[1] "All takings under this act of property or rights in property and all proceedings in relation to or growing out of such takings shall conform to the provisions of chapter seventy-nine of the General Laws . . . [with exceptions not here relevant]."