HERMAN J. HAVEN & another *vs.* TOWN OF BRIMFIELD (and two companion cases[1]).

Hampden.    December 7, 1962. — March 4, 1963.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Witness,* Expert witness. *Evidence,* Of value; Opinion: expert. *Practice, Civil,* Question by jury, Charge to jury, New trial.

Evidence that an appraiser for the Commonwealth had been making appraisals for seven or eight years prior to the trial of a proceeding for assessment of damages for a taking by a town of land by eminent domain for the relocation of a road, that during the two years preceding the trial his appraisals had included appraisals in that town, and that during a four or five month period there he had checked titles and assessors' records, had talked land values with "informed people," and had "looked at" many takings on the road warranted the trial judge in concluding that the appraiser was qualified to testify in the proceeding as a real estate expert. [530–531]

At the trial of a proceeding for assessment of damages for a taking by a town by eminent domain, for the relocation of a road, of a strip of land bisecting a large tract best useable as a dairy farm, there was no error in denial of a motion to strike the opinion of a real estate expert as to the value of the strip, which was used for growing of hay, and "severance damage . . . on the immediate property that was adjacent to the taking . . . along each side of the road," including the cost of relocating and rebuilding access points to the road, although the witness had not considered the value of the entire tract as a dairy farm before and after the taking. [531]

Where an assessor, at the trial of a proceeding for assessment of damages for a taking of a portion of a parcel of real estate by eminent domain, had testified as to the assessed value of the parcel for the three years preceding the taking, there was no error in permitting him to testify as to the separate values placed by the assessors on the land and the buildings. [531–532]

After a proceeding for assessment of land damages had been submitted to the jury and counsel had left the court house and the trial judge had received a written question from the jury as to the assessed value of the land after the taking, the judge properly told the jury in open court that he would not answer the question, and there was no prejudicial error in his failure to instruct the jury at that time that assessed value subsequent to the taking was not admissible in evidence where he had already charged them correctly that "the assessed valuations for three years prior to the taking are admissible." [532–533]

---

[1] The companion cases are Edward J. Killian *vs.* Town of Brimfield and Richard E. Souliere & another *vs.* Town of Brimfield.

At the hearing of a motion for a new trial of a proceeding for assessment of damages for a taking of land, there was no error in the denial of requests for rulings to the effect that allowance of the motion was required on the grounds that the damages awarded were inadequate and that the verdict was against the weight of the evidence. [533–534]

THREE PETITIONS filed in the Superior Court on January 17, 1961.

The cases were tried before *Brogna, J.*

*James F. Egan,* for the petitioners, submitted a brief.

No argument nor brief for the respondent.

REARDON, J. These are three petitions for the assessment of damages under G. L. c. 79 for the taking of three parcels of real estate located in Brimfield. The takings were made for the relocation of Holland Road. The petitions were consolidated for trial before a jury who returned verdicts for the petitioners Haven in the sum of $2,500; for the petitioner Killian in the sum of $500; and for the petitioners Souliere in the sum of $100. The petitioners' consolidated bill of exceptions alleges error by the trial judge (1) in the qualification of one Stoffel as a real estate expert and in the admission of certain testimony given by him, (2) in the admission in evidence of a "breakdown" between land and buildings of the assessed valuation of the Haven parcel for the years 1958–1960, (3) in the refusal of the trial judge to rule on the petitioners' requests at the hearing on the petitioners' motions for a new trial, and (4) in an answer given in response to a question from the jury after the case had been submitted to them.

In the Haven case, the petitioners introduced evidence that the property comprised 205 acres and had (until 1950) been operated as a dairy farm which was its highest and best use. The taking bisected it and contained some 4 acres of land in a 3,000 foot strip 60 feet wide. The town called as a witness Stoffel, who testified as an expert subject to exception to his qualifications by the Havens. Stoffel was an appraiser for the Commonwealth, with an office in Worcester. He had been making appraisals for seven or eight years prior to the trial and in the preceding two years had been so engaged in various sections of Massachusetts

including Brimfield. He had been assigned to the work on road relocation in Brimfield and West Brookfield, had checked titles, assessors' records, had talked land values with "informed people" in the area, had spent four or five months on this work in Brimfield, and had "looked at" approximately twenty-eight takings on Holland Road over a distance of four miles. It cannot be said that in accepting the qualifications of Stoffel and permitting him to testify as an expert the trial judge erred. *Muzi* v. *Commonwealth,* 335 Mass. 101, 106, and cases cited.

After giving his opinion of the fair market value of the Haven land actually taken, Stoffel on cross-examination stated that he could not give any opinion on the value of the entire Haven farm before and after the taking since he had not based his appraisal on that method of computation. Rather, he had "figured severance damage . . . on the immediate property that was adjacent to the taking . . . on acreage having an approximate depth of 200 feet along each side of the road" taking into consideration the cost of relocating or rebuilding access points to the road. He said that the area taken was so far removed from the Haven house that no damage to the house resulted. He had not considered the value of the land taken on the basis of its use as part of a dairy farm but rather as best suited to the growing of hay which was its present use. The town had denied that the petitioners had sustained any special damage by virtue of the taking. That the witness failed to consider all possible elements of the damage resulting from the taking goes only to the weight of his testimony. *Southwick* v. *Massachusetts Turnpike Authy.* 339 Mass. 666, 670–671. *Wright* v. *Randolph,* 340 Mass. 786. The motion to strike Stoffel's testimony was properly denied.

Edward J. Killian, an assessor of Brimfield, testified to the total assessed value of the Haven farm for the years 1958, 1959, and 1960. He was then asked for the separate values placed on the Haven land and buildings for those years, and over the objection of counsel for the Havens gave the breakdown between land and buildings as it appeared on the assessors' records. General Laws c. 79,

§ 35, provides that assessed valuations for the three years next preceding the date of a taking may be introduced as evidence of fair market value. "The use of the assessed value of the subject parcel as evidence of its value is solely dependent on the statute." *Wenton* v. *Commonwealth,* 335 Mass. 78, 81. See also *Johnson* v. *Lowell,* 240 Mass. 546, 550. Since there is statutory recognition of the admissibility in evidence of assessed values we fail to see why a breakdown of them is not permissible as a further aid in the determination of damage. Total assessed value may carry somewhat more meaning when the assessed value of the component parts is known. Elsewhere this has been recognized. Court of Claims Act (N. Y.) § 16, sub. div. 2, *Matter of City of New York,* 22 Misc. 2d (N. Y.) 260, 262, 264–265. *Gauley & Eastern Ry.* v. *Conley,* 84 West Va. 489, 498.

Different parcels of land, even when they are assessed together may, nonetheless, possess separate characteristics which make them distinct. *Trustees of Boston Univ.* v. *Commonwealth,* 286 Mass. 57, 62–64. Haven testified that in his opinion there was no diminution in the value of the farm buildings following the taking, thus giving added justification for admitting the assessment breakdown.

Following the submission of the case to the jury and after the departure of counsel from the court house the judge received the following note from the jury.

"Question

October 10, 1961

Assessed value of property's (*sic*) before and after take (*sic*) of land January 19, 1960.

That is on all three cases:

   1.  Haven

   2.  Killian

   3.  Souliere

      Break down of

| | Land | Buildings |
|---|---|---|
| Haven | | |
| Killian | | |
| Souliere | | |

Civil Jury"

Endeavors to locate counsel were fruitless. The judge declined to furnish the information requested and he said, "I don't recall that there were any figures discussed . . . of the assessed value for 1961, which would be the first one after the taking." The judge was free to answer the question asked by the jury in open court, as he did. *Sargent* v. *Roberts,* 1 Pick. 337, 341. If counsel did not remain until the conclusion of the trial, the judge could properly instruct the jury in their absence. *Kullberg* v. *O'Donnell,* 158 Mass. 405, 407. See also *Fournier* v. *Pike,* 128 Fed. 991, 992. While he did not specifically tell the jury that assessed valuation of the land taken made subsequent to the taking was not admissible in evidence, this omission was not prejudicial for he had already charged them that "[t]he assessed valuations for three years prior to the taking are admissible in a land damage action." The adequacy of a charge is to be tested on the reading of the charge as a whole and not by a consideration of any fragment of it which may be open to criticism. *Gilchrist* v. *Boston Elev. Ry.* 272 Mass. 346, 353. *Goltz* v. *Besarick,* 313 Mass. 14, 17. The statement of the judge which was the answer to the jury did not shift the weight or emphasis of the charge. See *McLellan* v. *Fuller,* 226 Mass. 374, 379–380. It was not incumbent on him to outline in his answer to the jury's question with increased definitive effect the limits placed by the statute on the admission in evidence of the assessed valuations. See *Trustees of Boston Univ.* v. *Commonwealth,* 286 Mass. 57, 65. See also *Cozzo* v. *Atlantic Ref. Co.* 299 Mass. 260, 269.

At the hearing of the motion for a new trial the petitioners presented requests for rulings. The refusal of the judge to rule on the requests was a denial of them. *Kravetz* v. *Lipofsky,* 294 Mass. 80, 84. *Mitchell* v. *Silverstein,* 323 Mass. 239, 240–241. The petitioners were entitled to present these requests but the refusal to grant them is ground for reversal only where the refusal was error. *Bartley* v. *Phillips,* 317 Mass. 35, 43. The requests were based on (1) inadequacy of damages, (2) a verdict against the weight of the evidence, and (3) a patent misunderstanding by the

jury of the judge's charge as evidenced by the question which was asked. The judge did not err in refusing to give them. It does not appear that the damages awarded were "greatly disproportionate to the injury proved." *Statkus v. Metropolitan Transit Authy.* 335 Mass. 172, 174. *Moran v. Pieroni, Inc.* 326 Mass. 516. The refusal of the judge to grant a new trial on the ground that the verdict was against the weight of the evidence lay within his sound discretion and no abuse of that discretion is apparent. *Hartmann v. Boston Herald-Traveler Corp.* 323 Mass. 56, 60–61. *Galotti v. United States Trust Co.* 335 Mass. 496, 503. We have already discussed the effect of the question asked by the jury and the answer which was made..

*Exceptions overruled.*