TOIVA M. JARVINEN *vs.* COMMONWEALTH.

Plymouth. November 10, 1967. — December 1, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* New trial, View, Land damage proceeding.

In a proceeding for assessment of damages for a taking by eminent domain, where the jury, not accompanied by the judge, took a view, and at the trial the sole issue was the amount of damages and several witnesses testified to widely disparate opinions on that issue, there was no merit in a contention by the respondent that allowance of a motion by the petitioner for a new trial on the ground of inadequacy of the damages awarded by the jury was an abuse of discretion on the part of the judge by reason of his absence from the view.

PETITION filed in the Superior Court on June 28, 1961.

The first trial of the case was before *Vallely,* J.

*George F. Himmel,* Special Assistant Attorney General, for the Commonwealth.

*George C. Decas* for the petitioner.

WILKINS, C.J. By an order of taking dated June 28, 1960, the respondent took two noncontiguous parcels of the petitioner in the town of Norwell for laying out an extension of the Southeast Expressway, a limited access highway.

At the trial of this petition for the assessment of damages counsel stipulated that title was in the petitioner. "Both

parties requested that a view be taken of the areas taken and of the petitioner's remaining land after severance by the takings." The trial judge did not go on the view. The respondent did not except, nor, so far as appears, make any objection.

The jury were shown the Southeast Expressway, then open to traffic, as it passed through and affected the petitioner's land. Also shown were the remaining portions of his land, as requested. Other than to state that the property contained a sand and gravel pit, and was largely vacant and wooded, no useful purpose would be served by detailed description.

The jury returned a verdict for the petitioner in the sum of $6,900. The petitioner filed a motion for new trial, one ground being inadequate damages. After hearing, the motion was allowed on that ground unless the respondent should accept an additur of $10,000, for a total of $16,900. The respondent excepted and did not accept the additur, assigning as ground that the judge, not having gone on the view, did not have all the evidence before him which the jury considered. At a second trial there was a verdict of $27,000 with $6,924 interest.

Lacking a timely exception prior to the view, the respondent cannot now be heard to complain that the judge did not take the view, a duty which could not be required of him.

Apart from that, however, it was not an abuse of discretion for the judge to allow the motion for a new trial on the ground of inadequate damages. See *Bartley* v. *Phillips*, 317 Mass. 35, 43. Any issue of title being out of the case by agreement, the only issue was that of damages. The three witnesses as to value testified to widely disparate opinions. These were $50,000 by the petitioner; $29,500 by the petitioner's expert; and $4,300 by the respondent's expert. There is nothing unusual in a situation in which experts testify to opinions favorable to the side calling them. See *Commonwealth* v. *Tucker*, 189 Mass. 457, 477.

The resolution of the conflict on that single issue was appropriately one for the judge, who was not disqualified from his proper function by not attending the view. The re-

spondent makes no convincing argument that the judge was thus disqualified. The only cases dealing directly with the point which have come to our attention state that he was not disqualified. *Southern Cal. Edison Co. Ltd.* v. *Gemmill,* 30 Cal. App. 2d 23, 27–28 (4th App. Dist.). *People* v. *Ocean Shore R.R.* 32 Cal. 2d 406, 429. The statute pertinent to eminent domain proceedings provides,[1] "In case of trial by jury, if either party requests it the jury shall view the premises." G. L. c. 79, § 22.[2] If there were any purpose to require the judge to take a view of the locus, we would expect to find it there. It was said by Chief Justice Rugg in *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 29, "Its chief purpose is to enable the jury to understand better the testimony . . . ." See *Commonwealth* v. *Snyder,* 282 Mass. 401, 414. If a view is not evidence in the technical sense, but inevitably has the effect of evidence, it is nevertheless true that information acquired upon a view at most stands no higher than evidence. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 451–452, and cases cited.

*Exceptions overruled.*

---

[1] In other types of civil cases and in criminal cases the taking of a view by the jury is discretionary with the judge. G. L. c. 234, § 35.

[2] An amendment by St. 1964, c. 548, § 1, is not material.