SAMUEL APPELSTEIN & another, trustees, vs. BOSTON REDEVELOPMENT
AUTHORITY.    April 7, 1971.    The trial was for the assessment of damages
for the taking by the Boston Redevelopment Authority (Authority) of the
petitioners' land and four apartment buildings.    The jury returned a verdict
for the petitioners in the sum of $57,000.    Apparently, by stipulation, the
only issue at the trial was the amount of damages to be awarded.    The case
is before us on the petitioners' exception to the denial of their motion for a
new trial.    The jury took a view of the property prior to hearing any testi-
mony.    At the trial one of the petitioners testified as to the income, certain
repairs and "capital improvements" and stated that in his opinion the fair
market value of the property at the time of the taking was $200,000.    An
"expert witness" for the petitioners testified that in his opinion the fair
market value was $157,821.    Another "expert witness" for the petitioners
rendered an opinion as to the "fair and reasonable" rents of the various
apartments.    The Authority's "expert witness" testified that the fair market
value of the property at the time of the taking was $70,000.    The petitioners
argue, in essence, that "[w]here a jury returns a verdict in a land damage
case where the only issue is the amount of damage[s]" and the "verdict is
substantially outside the range of the testimony as to value . . . [the] ver-
dict should be set aside even . . . where the jury took a view."    The peti-

tioners in posing this question ignore testimony by one of the petitioners' experts and by the Authority's expert regarding income, expenses, vacancy allowance and capitalization of the four apartment buildings. The petitioners also disregard differences in testimony as to gross rental income. These differences, plus the differences in capitalization upon which the witnesses based their opinions presented to the jury questions of fact beyond the opinions of fair market value. In the circumstances of this case we cannot state that the trial judge abused his discretion in denying the motion.

*Exceptions overruled.*

*Samuel Bonaccorso* for the petitioners.
*John L. Murphy, Jr.*, for the respondent.