MARY LOSCHI *vs.* MASSACHUSETTS PORT AUTHORITY.

Suffolk. January 11, 1972. — May 2, 1972.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Damages, New trial. *Eminent Domain,* Damages. *Damages,* Eminent domain.

Refusal to grant a new trial and to set aside a jury verdict awarding damages for an eminent domain taking in an amount more than $16,000 greater than the highest value of the taken properties stated in opinion testimony was not an abuse of the trial judge's discretion, especially where there was other evidence from which the jury could assess the value. [715–716] Tauro, C.J., dissenting, with whom CUTTER and SPIEGEL, JJ., joined.

PETITION filed in the Superior Court on August 19, 1965.

The case was tried before *Donahue,* J.

*Donald R. Grant* for the respondent.

*Vincent R. Celeste* (*James A. Miraglia* with him) for the petitioner.

HENNESSEY, J. The sole issue presented for our determination in this eminent domain case is whether the judge abused his discretion in denying the respondent's motion for a new trial. The motion was based on the ground that the damages awarded to the petitioner by the jury were excessive in amount. There was no error. The case is before us on a substitute bill of exceptions.

The petition arose out of the taking by the respondent of several contiguous parcels of land together with several buildings thereon owned by the petitioner and located on Neptune Road in East Boston. The jury did not take a view. The petitioner testified that the fair market value of the property as of the date of the taking was $59,500. She also described the property at great length and in great detail and offered many photographs of the locus which were received in evidence. The respondent introduced an expert witness who testified that the total fair

market value of the property on the date of the taking was $33,300. He valued one of the several parcels of the land, including the building thereon, at $23,000. He testified that he arrived at that opinion by the income capitalization method, using for rental value the rents actually collected by the petitioner. The jury returned a verdict for the petitioner in the amount of $76,000.

The respondent contends that the judge abused his discretion in denying the motion for a new trial, particularly in view of the unusual circumstance that the jury returned a verdict substantially greater in amount than the highest opinion of money value ($59,500) placed in evidence. We have said on numerous occasions that the allowance of a motion for a new trial based upon an inadequate or excessive award of damages, and the direction of an addition or remittitur, rests in the sound discretion of the judge. *Pelland* v. *Lincoln Rides, Inc.* 340 Mass. 787. *Haven* v. *Brimfield,* 345 Mass. 529. *Ellingsgard* v. *Silver,* 352 Mass. 34. *Herwitz* v. *Massachusetts Bay Transp. Authy.* 353 Mass. 594. The judge's action will be reversed only where the damages awarded were "greatly disproportionate to the injury proved" (*Haven* v. *Brimfield,* 345 Mass. 529, 534) or where "it appears to the judicial conscience . . . that otherwise a miscarriage of justice will result." *Bartley* v. *Phillips,* 317 Mass. 35, 41. "Abuse of discretion in granting or refusing a new trial can so seldom be found that actual instances in which this court has set aside the action of the trial judge . . . are almost nonexistent, and it has repeatedly been stated that occasions when this court can do so are exceedingly rare." *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 61.

We have consistently upheld such rulings of trial judges in eminent domain cases. *Haven* v. *Brimfield,* 345 Mass. 529. *Leonardi* v. *Peabody,* 351 Mass. 706. *Jarvinen* v. *Commonwealth,* 353 Mass. 339. We recently held that there was no abuse of discretion in a trial judge's denial of a petitioner's motion for a new trial in a case where the jury returned a verdict in an amount sub-

stantially less than the amount of the lowest opinion of value entered in evidence. *Appelstein* v. *Boston Redevelopment Authy.* 359 Mass. 746. A recognized authority has stated that the award may not be in excess of the amount claimed by the owner nor should it be less than the lowest estimate of value testified to by a witness, but the further statement is added that a difference of opinion between the jury and the witnesses does not necessarily dictate setting aside the award especially where there is "other evidence" upon which the award has been based. Nichols, Eminent Domain (Rev. 3d) § 17.3. The jury may use their general knowledge and experience in evaluating property and are not required to follow blindly the opinions of experts. *Parks* v. *Boston,* 15 Pick. 198, 209–211. *Patterson* v. *Boston,* 20 Pick. 159, 166. See *Commonwealth* v. *Smith,* 357 Mass. 168, 178; *Head* v. *Hargrave,* 105 U. S. 45, 47–50.

Upon a review of the entire evidence, we conclude that there was no error in the judge's denial of the motion for a new trial. There was meaningful and significant evidence other than the opinions of value expressed by the two witnesses. The many excellent color photographs warranted the jury in concluding that the buildings and grounds were unusually well preserved and attractive to a potential buyer of the property. Additionally, the jury learned considerable detailed information as to the nature of the property from the testimony of the two witnesses. The jury might properly have concluded, also, that the rents charged by the petitioner were comparatively low and that, as a consequence, the expert retained by the respondent had reached a disproportionately low opinion of the value of the property. Considering all of the evidence, we conclude that no abuse of discretion has been demonstrated in the judge's ruling.

*Exceptions overruled.*

In the opinion of the Chief Justice and Justices Cutter and Spiegel, the verdict was not warranted by the evidence and should be set aside as matter of law.