JAMES R. STEWART & another vs. TOWN OF BURLINGTON.

Middlesex. November 12, 1974. — December 16, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

Eminent Domain, Damages. Damages, Eminent domain. Evidence, Of value, Assessor's valuation.

Under G. L. c. 79, § 35, evidence of assessed valuation of property was not admissible in a proceeding for the assessment of damages arising out of an eminent domain taking where there was no comprehensive revaluation of the real estate in the town "within the five years preceding said three years next preceding such taking," even if there was a comprehensive revaluation within the three years next preceding the taking. [713-714]

PETITION filed in the Superior Court on November 17, 1971.

The case was tried before Coddaire, J.

David Berman, Town Counsel, for the town of Burlington.

GRANT, J. This is a petition under G. L. c. 79 for the assessment of the damages sustained by the petitioners when the respondent town took an easement through a portion of their property in 1971. Following testimony by the chairman of the board of assessors of the town that there had been a comprehensive revaluation of real estate assessments in the town during the year 1968, the respondent offered evidence of the separate assessed values of the petitioners' land ($5,080) and building ($13,140) for each of the three tax years 1968, 1969 and 1970. Compare Haven v. Brimfield, 345 Mass. 529, 531-532 (1963). On objection by the petitioners, the evidence was excluded. The case is here on the respondent's exception to that exclusion.

The validity of the exception turns on the proper construction of the further proviso which was added to the provisions of G. L. c. 79, § 35, by those of St. 1969, c. 209.[1] The respondent concedes, so far as it is a question of fact, that a revaluation implemented in 1968 was not implemented within the five years (1963 through 1967) preceding the three years (1968 through 1970) next preceding the year of the taking (1971). It urges, however, that the purpose of the 1969 proviso was to insure a reasonably current relationship between the assessed valuations and the fair market value of the property taken or injured and that we would defeat that purpose if we were to construe the proviso to exclude the assessed valuations offered in this case, where a revaluation was implemented in one of the three years next preceding the taking, while at the same time permitting the introduction of such evidence when a revaluation has been implemented at a more remote time, such as in the seventh or eighth year preceding a taking.[2]

There is merit in the respondent's argument. However, as the respondent impliedly concedes, the rule has

[1] General Laws c. 79, § 35, as amended by St. 1969, c. 209, provides in pertinent part as follows: "The valuation made by the assessors of a town for the purposes of taxation for the three years next preceding the date of the taking of or injury to real estate by . . . a . . . town . . . under authority of law may, in proceedings brought . . . to recover the damages to such real estate . . . be introduced as evidence of the fair market value of the real estate . . . provided, however, that if the valuation of any one year is so introduced, the valuations of all three years shall be introduced in evidence; *and provided further, that no such valuation shall be so introduced as such evidence unless within the five years preceding said three years next preceding such taking or injury there has been a comprehensive revaluation of the real estate in the town.*" The words in italics are those inserted by the 1969 amendment. No change was made in the cognate provisions of G. L. c. 185, § 109.

[2] We consider these arguments in the abstract because the total assessed valuation in each of the years 1968 through 1970 which was excluded in this case ($18,220) was considerably less than the opinion of the fair market value at the time of the taking ($24,100) which was expressed by the respondent's expert witness.

been that assessed valuations are not admissible in evidence at the trial of a petition for the assessment of the damages arising out of a taking by eminent domain except in the circumstances and under the conditions set out in G. L. c. 79, § 35. See, e.g., *Johnson* v. *Lowell*, 240 Mass. 546, 550-551 (1922); *Wenton* v. *Commonwealth*, 335 Mass. 78, 81 (1956); *Haven* v. *Brimfield*, 345 Mass. 529, 531-532 (1963). See also *Bennett* v. *Brookline Redevelopment Authy.* 342 Mass. 418, 418 (1961). We believe that the 1969 proviso of § 35 must be "interpreted as enacted." *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974). Its language (as well as that of its legislative history[3]) "is plain, and therefore it is to be interpreted in accordance with the usual and natural meaning of . . . [its] words." *Commonwealth* v. *Thomas*, 359 Mass. 386, 387 (1971). In our view, a revaluation implemented in one of the "three years next preceding" a taking cannot be equated with one implemented "within the five years *preceding* said three years next preceding" a taking (emphasis supplied).

We hold that there was no error in excluding the evidence of assessed valuations which was offered by the respondent in this case.

*Exceptions overruled.*

---

[3] See 1969 Senate Doc. No. 659.