Rescript Opinions.

LEONOR LOBAO & another vs. COMMONWEALTH. May 12, 1976. 1. Passing the absence of an offer of proof (see *Ford* v. *Worcester,* 339 Mass. 657, 658-662 [1959]), we hold that the judge did not abuse his discretion (*Muzi* v. *Commonwealth,* 335 Mass. 101, 106 [1956]) in refusing to allow the witness Mass to express his opinion (if he had one) of the highest and best use of the industrially zoned land lying along Route 1 in Danvers. No effort was made to qualify him as an appraiser. Contrast the *Muzi* case, *supra,* at 102-105. On the evidence, the witness' experience as the owner of similarly zoned land in the vicinity had been confined to a single parcel which had been sold at some unspecified time. His experience as a developer of industrial parks (as opposed to his experience in constructing buildings in such parks) was limited to a single instance in Florida at another unspecified time. See *Lee Lime Corp.* v. *Massachusetts Turnpike Authy.* 337 Mass. 433, 437 (1958). Compare *R.H. White Realty Co. Inc.* v. *Boston Redevelopment Authy.* 3 Mass. App. Ct. 505, 508-509 (1975). 2. The case was tried prior to July 1, 1974, and no exception was saved to either of the other exclusions still complained of. See *Jones* v. *Bailey,* 1 Mass. App. Ct. 41, 44-45 (1973). There is no merit to either of the contentions advanced. 3. The naked fact that Lee had purchased his parcel from a trustee in bankruptcy (as to which see 11 U.S.C. § 110[f], 76 Stat. 572) did not overcome the presumption (*Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 301 [1947]) that the sale price of that parcel had been fixed freely and not under compulsion. See *United-Carr Inc.* v. *Cambridge Redevelopment Authy.* 362 Mass. 597, 599-601 (1972). Compare *Atherton* v. *Emerson,* 199 Mass. 199, 210 (1908). 4. The evidence of the prices fixed by juries for other properties similarly taken would not have been admissible in evidence (*Amory* v. *Commonwealth,* 321 Mass. 240, 257 [1947]) and did not require the granting of the motion for a new trial. Nor does a review of the entire transcript disclose any abuse of discretion in the denial of that motion. See *Appelstein* v. *Boston Redevelopment Authy.* 359 Mass. 746 (1971); *Loschi* v. *Massachusetts Port Authy.* 361 Mass. 714, 715-716 (1972). Judgment is to be entered in accordance with the verdict.

*So ordered.*

*Nicholas J. Decoulas* (*Thomas Marchos* with him) for Leonor Labao.
*Robert A. Mulligan,* Assistant Attorney General, for the Commonwealth. ·