Dorothy PORRECA & another[1]
vs.
Robert V. BALDELLI & another[2]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

November 5, 1980

Philip Castleman for the plaintiff.
William W. Hays for the defendant.

Present: Walsh, P.J., Cimini, J*, McGuane, J.

WALSH, P.J. This is an appeal from a finding for the plaintiffs on a complaint wherein recovery was sought for the fair market value of a stained glass room divider. The defendants admitted that they entered into an agreement for the construction of the divider but only for the cost of the materials which cost was not to exceed $550.00 and that they had paid this sum as

[1]Kenneth Jenkins

[2]Jean M. Baldelli

★Judge Frank W. Cimini sat on the panel and heard arguments in this case but had retired prior to the signing of this Opinion.

662

agreed. The court found for the plaintiffs if the amount of $1,880.00.

The report discloses that there was evidence tending to show that the plaintiffs agreed to build a divider for the defendants and that the fair market value of the divider was $3,500.00. The defendants testified that the plaintiffs agreed to build the item for the experience as long as the defendants paid for the cost of the materials which was not to exceed $500.00.

The trial judge made certain findings of fact. Basically, he found that the defendants engaged the plaintiff to design, construct and install the divider, that the plaintiffs did so in a good workmanlike manner and that the fair market value of the divider was $2,380.00 of which $500.00 was paid.

The defendants filed requests for rulings which the judge found were inapplicable because of his findings of fact and he treated them as waived. The defendants claim to be aggrieved by his alleged failure to rule on their requests.

The defendants, on appeal, and we, in review, may treat the requests as having been denied. **John Hetherington & Sons, Ltd. v. William Firth Co.,** 210 Mass. 8, 17 (1911); **Haven v. Brimfield,** 345 Mass. 529, 533 (1963).

A part of Dist./Mun. Cts. R. Civ. P. 64(b) states that "whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is . . . inapplicable to the facts found . . . the court shall state the facts found . . . upon which such refusal is based, unless the same appear from the special findings filed." One of the principal issues raised by the defendants in their requests was whether or not there was an agreement as to the price for the divider. It does not appear that the applicability of the issue was resolved in the findings of fact. See, **DiGesse v. Columbia Pontiac Co., Inc.,** 369 Mass. 99 (1975). We think that this constituted prejudicial error.

It is therefore ordered that the finding for the plaintiffs be vacated and a new trial is ordered.

So ordered.
William Walsh, P.J.
Allan McGuane, J.