Meagher, J.
The plaintiff complains thatwhile he was driving ataxi attempting to cross Huntington Avenue he was hit by an MBTA trolley car traveling on Huntington Avenue. The defendant claims that the plaintiff has not produced sufficient evidence that one of the treating medical doctors was a licensed physician in Massachusetts in 1988 when he rendered treatment to the plaintiff and that the plaintiff has not shown that the medical doctor was licensed in 1991 when he recommended that the plaintiff have an operation on his arm which would cost $10,000.
M.G.L.C. 233, §79G does not require a certification under the pains and penalties of perjury that one is a licensed physician although the doctor in this case submitted one as of August 18,1990. It states in relevant part, “the word [s] ...‘physician’... shall not include any person who is not licensed to practice as such under the laws of the jurisdiction within which such services are rendered...” (underlining added) If a physician calls herself a physician in a report or a bill submitted, under the statute that physician is implicitly stating that she is licensed “under the law of the jurisdiction within which such services are rendered."The burden is on the defendant to showthat the person calling herself a physician was not so licensed. In this case the defendant had almost five months to obtain the evidence which would show that this physician was not licensed.
Putting the question of this physician’s license to one side, there is the evidence from the Harvard Community Health Services detailing the “encounters” of the plaintiff with two doctors at that facility, both of whom extensively discussed the condition of the plaintiff and the prospect of surgery on the plaintiff. This evidence is sufficient to sustain the finding of the trial judge.
The second issue rased by the defendant is that the judge’s denial of the remittitur was improper.
The denial of a request for a remittitur under M.RC.P., Rule 59 is discretionary. Neese v. Southern Railway, 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60, (1955); Loschi v. Mass. Port Authority, 361 Mass. 714 (1972); Blake v. Commissioner of Correction et al., 403 Mass. 764 (1985). In this case the award was supported by the medical evidence, the evidence offered by the plaintiff as to his employment after the accident up to the time of the trial and his possibilities for future employment, and by the prospect of a major operation on his arm.
The defendant also claims to be aggrieved by the Trial Courf s denial of certain of its Requests for Rulings of Law.
Those requests which question the sufficiency of the evidence, which are to be viewed in the light most favorable to the plaintiff, (Liability, #’s 3,12,13 and Damages, #’s 12,13,15) were properly denied. There is an abundance of evidence in the plaintiff s *39 favor chronicled in the Report. The other “Requests for Rulings” are in fact requests for findings of fact and were properly denied. Stella v. Curtis, 348 Mass. 458, 401 (1965); Perry v. Hanover, 314 Mass. 162, 169-170 (1943); Liberatore v. Framingham, 315 Mass. 538, 543, 544 (1944); Strachan v. Prudential Ins. Co., 321 Mass. 507, 508 (1947).
The defendant’s Motion to Dismiss at the close of the plaintiff s evidence was also properly denied. The defendant has neither briefed nor argued this point although it is listed in the Report as a cause for being aggrieved.
We find no error. The Report is dismissed.