RAPID TRANSIT COMPANY, a corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6679.

United States Court of Appeals Tenth Circuit.

Oct. 10, 1961.

Rehearing Denied Nov. 13, 1961.

H. Gordon Angwin, Pittsburg, Kan., and Clifford L. Malone, Wichita, Kan. (Charles E. Jones, Wichita, Kan., and Ben W. Weir, Pittsburg, Kan., were with them on the brief), for appellant.

Raymond N. Zagone, Washington, D. C. (Ramsey Clark, Asst. Atty. Gen., Newell A. George, U. S. Atty., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., and Roger P. Marquis, Washington, D. C., were with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

The United States initiated this action in the United States District Court for the District of Kansas to condemn for its use some 5.21 acres of land located within the city of Lawrence, Kansas. 28 U.S.C.A. § 1358. The sole original and now continuing issue was and is the ascertainment of just compensation to the owner, Rapid Transit Company, appellant. The government estimated the value of the acreage to be $16,000 and deposited such sum with the court, which sum was repudiated by the owner as being inadequate. The trial court then appointed commissioners to appraise and fix

the value of the property taken. After full hearing the commissioners set the fair market value of the property to be $17,500 as of the time of taking and the trial court, although indicating some personal dissatisfaction with the amount set,[1] approved and adopted the report of the commissioners as capable of support under the evidence and therefore binding upon the court.

The trial court's recognition that the findings of the commissioners must be upheld unless clearly erroneous is manifestly a correct limitation upon that court's review of such findings. Leader Clothing Co. v. Fidelity & Casualty Co. of N. Y., 10 Cir., 237 F.2d 7. And, in turn, we recognize the same limitation upon appellate review. This court will not set aside the judgment of a trial court, based upon findings, unless a review of the evidence results in a definite and firm conviction that substantial justice has been defeated by a manifest mistake. H. F. Wilcox Oil & Gas Co. v. Diffie, 10 Cir., 186 F.2d 683; Onego Corporation v. United States, 10 Cir., 1961, 295 F.2d 461.

Although the form of the landowner's appeal has several facets it is essentially an attack upon the commissioners' finding that

"* * * the landowner did not sustain the burden of establishing the fact that there was reasonable probability a change could be made in the Zoning Ordinance of the City of Lawrence, permitting the tract taken to be used for multiple dwelling purposes in the near future."

and the conclusion that

"At the time of taking the land by the United States of America on February 6, 1958, the best and most advantageous use of said land was * * * for single family residences in Zone A as described by the Zoning Ordinances of the City of Lawrence. * * *."

At the time of actual taking the land was zoned as "A" restricting its then use to single family residences; an attempt to rezone to "D" had failed [2] and no other efforts to obtain reclassification had been made. However the landowner called several witnesses who were familiar with the policy and attitude of the Lawrence zoning commission each of whom expressed the opinion that an application to rezone to "C" (multiple dwellings) would be favorably considered and that the land had a higher potential for successful development as a site for two and four unit housing. This opinion evidence indicating a reasonable probability that a favorable rezoning classification could be obtained was not directly contradicted and was a proper and indeed necessary factor for the trier of the facts to consider in determining the value of the condemned land. McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205. The uncontradicted nature of this testimony leads the landowner to his contention that the basic finding and conclusion of the Commissioners that the highest use of the subject acreage was zone "A" are clearly erroneous. We agree that the correct rule in such regard is stated by the Supreme Court of Kansas in Gibbs v. Central Surety and Ins. Corporation, 163 Kan. 252, 181 P.2d 498, as follows:

"Ordinarily the trier of the fact is not required to believe the testimony of any witness merely because there is no direct testimony to con-

---

1. The trial court stated that "while I have the utmost confidence in the integrity, ability and experience of the members of the Commission, it is quite likely that on the same evidence I would have found the value of the tract to have been greater than that found by the Commissioners; but since I do not and cannot hold that their findings are clear-ly erroneous I am not permitted to substitute my conclusion for theirs."

2. Class "D" allows commercial development. Apparently the "D" zoning was refused because of an informal but pre-existing agreement between officials of the City of Lawrence and officials of the University of Kansas. The subject acreage is near the property of that institution.

trovert it, but where plaintiff produces two witnesses who testify on every material element of plaintiff's cause of action, and such testimony is not inherently improbable or uncandid, and the cross-examination does not develop any conflict, and the defendant produces no testimony in opposition, the trier of the fact is not justified in arbitrarily or capriciously disregarding such testimony."

We cannot say that the findings and conclusions of the commissioners are arbitrary or capricious as a matter of law for the record indicates that the first report of the commissioners was rejected by the trial judge as not "sufficiently comprehensive" and that the matter was resubmitted to the commissioners with correct and specific instructions to consider the force of the testimony relating to the possibility of rezoning and also the testimony relating to a comparable sale. The findings and conclusions now questioned show that such consideration was given to the landowner's contentions but that the burden of persuasion was not met.[3] The ultimate award, however, was greater than the amount asserted by government witnesses to be adequate compensation for "A" land and may reflect a view that rezoning, while not sufficiently imminent to substantially increase the pertinent market price of the land, was a remote consideration in the amount of compensation. Since the award was well within the range of credible testimony this court may not reweigh the evidence or retry the facts, Stephens v. United States, 5 Cir., 235 F.2d 467, for as we said in Buena Vista Homes, Inc. v. United States, 10 Cir., 281 F.2d 476, 480:

"* * * This court will not assume the function of retrying the facts. A finding based on sharply conflicting evidence is conclusively binding here. In the case at bar there is substantial evidence of value

both lower and higher than that fixed by the commission. We may not reweigh that evidence in a de novo review or reverse because the commission adopted a value nearer that of the Government experts than that of the appraisers for Buena Vista. * * *"

Affirmed.

---

3. The report of the commissioners indicated that a personal view of the lands had played an important part in arriving at what constituted a proper award. The weight to be given to this factor as against opinion evidence is exclusively for the trier of the facts.