Clay KING and Dorothy Lee King, Appellants,

v.

GRAND RIVER DAM AUTHORITY, a Public Corporation, Appellee.

No. 7539.

United States Court of Appeals Tenth Circuit.

Sept. 29, 1964.

L. Keith Smith, Jay, Okl., for appellants.

Joe Cannon, Oklahoma City, Okl. (Q. B. Boydstun, Vinita, Okl., was with him on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an action to condemn land for the Markham Ferry Dam and Reservoir Project in Oklahoma. Trial was to a jury and reversal is sought because of the alleged erroneous admission of evidence.

Appellee Grand River Dam Authority is a state instrumentality licensed by the Federal Power Commission. As such licensee it has the right to sue in the federal courts for the condemnation of project lands.[1] The jury fixed the damages sustained by the appellant landowners at $20,500.

Part of the property of the landowners was not taken. The parties agree that in determining the value of the part taken the value of the entire property must be fixed and then the value of the remainder deducted therefrom. The landowners say that one Thomas, a witness for the condemnor, used, for the remainder, a value which was enhanced by the project construction. The deduction of this value from the total resulted in a lower value for the property taken. Landowners further say that except for the value placed by Thomas the verdict of the jury is not sustained by the evidence.

Although the testimony of Thomas is open to the implication that he considered enhancement in value of the remainder, the trial court stated during the cross-examination of Thomas that the jury should not consider the enhanced or diminished value of the remainder. Further, in its instructions to the jury the trial court said that the value should be determined "without considering benefit if any to the lands remaining by reason of the constructing, maintaining and operating of the Markham's Ferry project."

In so instructing the jury the trial court followed Oklahoma law that the value of the property taken must be determined without consideration of any benefit to the remainder by reason of project construction.[2] We find it unnecessary to determine whether state or federal law controls because the trial court's view of the law accorded with the position of the landowners and they could not have been damaged thereby. Further, the amount fixed by the jury was within the range of value given by unattacked expert testimony.

Three experts for the landowners fixed the value of the entire tract at $47,-

1. 16 U.S.C. § 814. See Central Nebraska Public Power & Irrigation Dist. v. Harrison, 8 Cir., 127 F.2d 588, 589.

2. Okl.Const. Art. II, Sec. 24; Finley v. Board of County Commissioners of Oklahoma County (Okl.) 291 P.2d 333, 336.

200, $46,285, and $46,000 respectively and the value of the remainder at $6,000, $5,985, and $7,500. Thomas gave $29,650 for the value of the entire tract and $11,-000 for the remainder. Dorsey, a witness for the condemnor whose testimony is not attacked, valued the entire tract at $33,395 and the remainder at $12,088. The jury verdict of $20,500 is within the range of the testimony because the subtraction of Dorsey's value for the remainder from Thomas' value of the whole[3] results in a figure lower than that fixed by the jury. In such circumstances this court will not reweigh the evidence or retry the facts.[4]

Affirmed.

---

3. Appellant does not attack the value which Thomas gave for the whole tract.

4. Rapid Transit Company v. United States, 10 Cir., 295 F.2d 465, 467, certiorari denied 369 U.S. 819, 82 S.Ct. 831, 7 L. Ed.2d 785; Buena Vista Homes, Inc., v. United States, 10 Cir., 281 F.2d 476, 480.