Max WOLFF et al., Claimants,
Appellants,

v.

The COMMONWEALTH OF PUERTO
RICO, etc., Appellee.

No. 6351.

United States Court of Appeals
First Circuit.

Heard Feb. 3, 1965.

Decided March 5, 1965.

A. Castro Fernandez, San Juan, P. R., with whom Castro & Castro, San Juan, P. R., was on brief, for appellants.

Nilita Vientos Gaston, Asst. Sol. Gen., with whom Rodolfo Cruz Contreras, Acting Solicitor Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, MARIS,* Circuit Judge, and FORD, District Judge.

ALDRICH, Chief Judge.

■ This is an action to assess damages for the condemnation of a piece of unimproved land in Caguas, Puerto Rico, taken by the Commonwealth. The owners removed the case to the United States district court and, following a jury verdict which they believe insufficient, they appeal. On a review of the record we find most of the difficulties to be of an evidentiary nature due to an overstrictness on the part of the court with respect to the zoning classification of the locus.[1] At the date of condemnation the locus was classified as "M." "M" means that no construction of buildings may be undertaken until application has been made to the Planning Board and permission, and a changed classification, obtained. "M" was not, however, a static classification. As the Commonwealth's own witness agreed, the "regulations contemplate that anything, any piece of property which has been classified 'M' will be eventually changed to some other classification." The court, however, adopted the Commonwealth's theory that whatever might have happened in the future had there been no taking, was "sheer speculation," and excluded all evidence bearing on the possibility of change, including the likelihood that the Planning Board would have reclassified. This was error.[2]

■ The highest and best possible use of property is not confined to the use at the time of taking. Neither is it confined by the zoning at the time of the taking, if there is a reasonable possibility that there may be a re-zoning.[3] Indeed, clear indication that the settled weight of authority is contrary to the Commonwealth's position is quoted in the Commonwealth's own brief.

"When 'there is a possibility or probability that the zoning restriction may in the near future be re-

---

* By designation.

1. The exceptions to the charge are not well founded. The court was not obliged to charge in the precise language of the appellants' requests even if appellants copied from Supreme Court decisions. The court gave the substance, insofar as the requests were proper. One other matter we will deal with later.

2. It is not clear whether this same reasoning was the basis for the court's exclusion of evidence of a sale of a certain piece of improved property nearby, i. e.,

that since the locus must be regarded as frozen at classification "M" the parcels were necessarily incomparable. If so, this was equally erroneous.

3. The test, of course, is not either possibly or probability of re-zoning in absolute terms, but the fair market value of the locus in the light of the chances as they would appear to the hypothetical willing buyer and seller. While some of the cases cited infra speak only in terms of probability, we think that any possibility sufficiently substantial to affect market value must be regarded.

pealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value. It follows from the foregoing that such possible change in the zoning regulations must not be remote or speculative.' Nichols on Eminent Domain, 3rd ed., Vol. 4, sect. 12.322, pages 238–243."

See also, e. g., Rapid Transit Co. v. United States, 10 Cir., 1961, 295 F.2d 465, 466, cert. den. 369 U.S. 819, 82 S.Ct. 831, 7 L.Ed.2d 785; United States v. Meadow Brook Club, 2 Cir., 1958, 259 F.2d 41, 45, cert. den. 358 U.S. 921, 79 S.Ct. 290, 3 L.Ed.2d 239; Snyder v. Commonwealth, 1963, 412 Pa. 15, 192 A.2d 650; State Roads Commission v. Warriner, 1957, 211 Md. 480, 128 A.2d 248. Appellants should have been permitted to prove the reasonable possibility of a better use for the purpose of showing its effect upon fair market value. The Commonwealth's contention that the "M" classification was an "inescapable fact" was peculiarly inappropriate when, concededly, it was one that contemplated change.

■■ We must deal separately with one piece of evidence on this subject that the court excluded. The letter from the chairman of the Planning Board to the effect that the Board had approved a reclassification was not itself a formal approval. Nor was it the best evidence of such.[4] On the other hand, assuming proper proof of signature, etc., it was some evidence, as an overt expression, of the views of the chairman, and possibly admissible as such. Cf. Wigmore, Evidence, § 1731. If the letter is re-offered for that limited purpose, the court should reconsider the question in the light of the record as it then exists.

■ Next, appellants offered to show that prior to the condemnation the locus had been contracted to be sold at a high price, conditioned upon obtaining a new classification. The court excluded the evidence. The Commonwealth's description of this transaction as "incontestably" an option is quite erroneous. If the owners had succeeded in obtaining the change the buyer had no option, but stood committed. The purchase and sale agreement was dated September 12, 1962 and the date for performance was April 12, 1963. The condemnation occurred February 11, 1963, voiding the agreement because, inter alia, as the Commonwealth's own witness testified, after a condemnation no reclassification will be made. Although voided, the agreement was admissible as some evidence of what the property would have been worth, had there been no taking, had a reclassification been obtained. A sale conditioned on a reclassification is nonetheless a sale, Commonwealth v. Ocean Park Development Corp., 1956, 79 P.R. 149, 163, and the fact that it was not consummated cannot be an objection. United States v. Certain Parcels of Land, 3 Cir., 1944, 144 F.2d 626, 155 A.L.R. 253. Of course if it should appear that it was a simulated agreement made in contemplation of condemnation for the purpose of providing evidence, that would be another matter. This, however, is something to be shown in rebuttal. United States v. Certain Parcels of Land, supra.

■ We are not clear as to all of the court's reasoning in excluding evidence with respect to adaptability of the locus to subdivision. To the extent that it was based on the necessity of re-zoning, we have already commented. If, as the Commonwealth argues, evidence of comparable sales might have been a better guide, this did not make the other inadmissible. Commonwealth v. Ocean Park Development Corp., supra, at 153–154. At least short of highly conclusive

4. If the Planning Board operated so casually that this letter was itself the formal approval, it did not appear on its face to be such, and was not self-proving.

Appellants should have called a qualified witness to testify to the character of the letter as an actual approval, if it was such.

evidence of a better character, any evidence of what, had there been no taking, might reasonably have influenced a willing seller and a willing buyer should have been admitted. (Cf. F.R.Civ.P. 43 (a)).

One final matter. It was error not to permit appellants' expert to state his qualifications. The fact that the Commonwealth "accepted" his qualifications went only to whether the court should permit him to testify. It did not meet the further question of what weight the jury might wish to give his opinion, which might well be governed by its appraisal of his background and experience. See Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 829.

Judgment will be entered reversing the judgment of the district court, setting aside the verdict, and ordering a new trial not inconsistent with this opinion.