

Dale J. Briggs, Tulsa, Okl. (Charles Pope, Tulsa, Okl., with him on the brief), for appellants.

George R. Hyde, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., John M. Imel, U. S. Atty., Hubert A. Marlow, Asst. U. S. Atty., and S. Billingsley Hill, Atty., Dept. of Justice, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

The United States brought condemnation proceedings against the appellants and others to acquire certain mineral interests in a tract of land in Oklahoma. At the time of the taking there had been development for the production of oil and gas which was in the secondary recovery phase. A Commission was appointed under Rule 71A of the Federal Rules of Civil Procedure which held hearings and made a determination of the compensation for the lessor's interest, and the lessees' interest in the mineral estate and the leasehold equipment. The appellant-lessees made objections to the report of the Commission. These were overruled by the United States District Court, and the lessees have taken this appeal.

The principal issue of this appeal concerns a refusal by the Commission to admit into evidence an exhibit offered by the appellants. The exhibit may be described as a list or tabulation of expenditures made by the appellants in the development of the leasehold. The tabulation includes payment for services of various sorts, for interest, for supplies, and for equipment which is not particularly described but is listed for example as "pipe & eqpt." or as "valve" or as

**OLEAN–NOWATA OIL COMPANY, an association consisting of Rubein Johnson et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 8126.

United States Court of Appeals Tenth Circuit.

Oct. 8, 1965.

"parts & fittings". The list also contains entries of payments to certain firms with no designation of the purpose for the payment other than the total is entered under a column entitled "Equipment, Instal." The witness through whom the exhibit was offered stated that he had the original invoices but did not bring them with him. The Commission refused to admit the tabulation stating in effect that the listing was not an original invoice, that the items purchased were not specifically described, and that proof of what appellants had spent would not be proof of the market value at the time of taking. As indicated above, the trial court overruled appellants' exceptions to the Commissioners' report which included the matter here in issue.

We have held in several previous cases that the award by Commission will be accepted if it is within the range of conflicting testimony, and is not clearly erroneous. Rapid Transit Co. v. United States, 295 F.2d 465 (10th Cir.); Stipe v. United States, 337 F.2d 818 (10th Cir.). We have also held that there is no rigid formula for determining fair market value as a measure of just compensation. United States v. Sowards, 339 F.2d 401 (10th Cir.); Sill Corporation v. United States, 343 F.2d 411 (10th Cir.).

It is recognized that the valuation of mineral interests presents problems and the court recognizes the difficulties which confronted the Commissioners in this case in valuing the lessees' interest during the course of the secondary recovery operation. The market value of the interest was, however, subject to proof, and no reason is presented why the methods for determining market value applied by the Commission and by the trial court were not proper.

As described above, the exhibit offered and refused was no more than a tabulation of expenditures for development of the items which were described in general terms, if at all. This in itself was insufficient. Also, bare proof of expenditures is not generally accepted as proof of fair market value. The Supreme Court stated in Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236, that the owners' investment in the property in question may be more or less than the market value, depending on whether or not changes in the value have occurred since ownership was acquired, and whether it was obtained at a price greater or less than its market value. The Court in the cited case continued with the statement that it is not the cost of the property, but it is the value which is determinative.

Thus, the appellants by the exhibit offered do no more than to submit a list of expenditures, and this was not proof of facts which were pertinent to fair market value. The Commission and the trial court were correct in ruling that the exhibit was not admissible.

We find no error in the action of the trial court in overruling appellants' exceptions and objection to the report of the Commission and in its entering judgment therein.

The case is therefore

Affirmed.