GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

v.

2.7420 ACRES OF LAND, ETC., PARCELS 1A
MARKET STREET–3C WATER GUT

No. 17,383

United States Court of Appeals
Third Circuit

Argued January 31, 1969
Decided June 3, 1969

*See, also, 411 F.2d 785*

JOHN B. NICHOLS, ESQ., Assistant Attorney General, St. Thomas, Virgin Islands, *for appellant*

CHARLES BIDELSPACHER, ESQ. (BIDELSPACHER & BIDELSPACHER), Williamsport, Penna., *for appellee*

Before MARIS, FREEDMAN and ALDISERT, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This is an appeal by the Government of the Virgin Islands from a final judgment entered by the district court under Rule 54(b), F.R.C.P., awarding the sum of $332,-730.58 with interest to the owners of two parcels of land fronting on the sea taken by the Government in the course of carrying out an urban renewal plan in the Water Gut area of the town of Christiansted, St. Croix. The judgment entered was in accord with a supplemental report which the court approved of commissioners which the court had previously appointed to take testimony and report the value of the land taken. The Government objected before the district court, and urges here, that the commissioners erred in receiving evidence of the value of the land for use as a hotel site and in basing their valuation thereon, in view of the fact that the land was included in an R 4 residential zone by the Virgin Islands Zoning Law in which zone a hotel is permitted only when granted as a special exception, and that the Urban Renewal Plan adopted by the Government contains a similar restriction. We see no merit in these contentions.

The Schedule of Zoning Requirements annexed to section 266 of the Zoning Law, 29 V.I.C. § 266 App. I, as it stood on June 24, 1964, the date of the taking, set out the following requirements for an R 4 Zone:

"R 4 Zone

One-to Four-Family Residential

(Intent: For urban areas; to permit mixing of single and multiple family units, and to stabilize character of urban development.)

*Permitted Principal Uses and Structures:*

1. Single family dwelling
2. Two-, three-, or four-family structure
3. Rooming or boarding house

*Permitted Accessory Uses and Structures:*

1. Home occupation
2. Servants' quarters

*Special Exceptions:*

1. Community service or facility
2. Hotel
3. Apartment house
4. Neighborhood commercial activities

*Minimum Lot Area and Width*

Areas: 1- and 2-family, 3,000 sq. ft.; 3-family, 6,000 sq. ft.; 4-family, 8,000 sq. ft.

Width (minimum), 40 feet

*Maximum Lot Coverage*

60%, with minimum distance of 5 feet between structures on same lot, and 5 feet between structures and lot boundaries

*Maximum Height*

3 stories or 36 feet

*Application*

In . . . Christiansted . . . in all areas between C Zones . . . and their territorial limits . . . ."

It will be seen that hotel use is specifically listed as a use for which the Planning Board may grant a special exception as authorized by section 269 of the Law, 29 V.I.C. § 269. There was evidence from which the commissioners and the district court were justified in finding that the land here involved, being located on the sea with a good sandy beach,

was ideally suited for the site of a tourist hotel and that, judging from the experience of the past, a special exception to permit such use would, if applied for, in all probability be granted by the Planning Board. Under these circumstances, evidence as to the value of the land as a hotel site was admissible and it was not error for the commissioners and the district court to consider it in reaching their determination as to the value of the land taken. H & R Corporation v. District of Columbia, D.C. Cir. 1965, 351 F.2d 740. Indeed, evidence of value for a use prohibited by existing zoning regulations has been admitted where it was shown that a change in the zoning restrictions was reasonably probable in the reasonably near future even without specific evidence as to the practice of the zoning authorities in granting special exceptions. State of New Jersey v. Gorga, 1958, 26 N.J. 113, 138 A.2d 833; Snyder v. Commonwealth of Pennsylvania, 1963, 412 Pa. 15, 192 A.2d 650; 0.040 Acres of Land v. State of Delaware, 1964, Del., 198 A.2d 7; Wolff v. Commonwealth of Puerto Rico, 1 Cir. 1965, 341 F.2d 945; Sayers v. City of Mobile, 1964, 276 Ala. 589, 165 So.2d 371, 9 ALR3d 283, and annotation thereto, 9 ALR3d 291, 309.

■ The argument that the evidence in question was inadmissible because the Urban Renewal Plan adopted by the Government for the area prohibited hotel use is equally without merit. For this was the Government's plan for the use of the properties which it was taking. Since the plan, therefore, could not become effective until after the taking it could have no bearing on the value of the land before it was taken. Accordingly, we need not pass upon the appellees' contention that the applicable plan did not in fact prohibit hotel use. Likewise without merit is the Government's contention that the commissioners did not set forth the reasoning which they followed in fixing

241

the amount of their award. We are satisfied, as was the district court, that their supplemental report was adequate in this regard.

The judgment of the district court will be affirmed.