THOMAS J. LEE & another *vs.* COMMONWEALTH. March 7, 1972. This is a petition for the assessment of damages arising out of a taking by the Commonwealth of land owned by Lee. The case was tried before a jury in the Superior Court and a verdict was returned for Lee. The case is before us on the Commonwealth's bill of exceptions which is concerned solely with several rulings on evidence by the judge. Four of the rulings have been argued before us by the Commonwealth. We treat the issues not argued as waived. There was no error in the judge's rulings. The judge excluded, over the Commonwealth's objection and exception, certain documents which showed restrictive agreements which encumbered the land. These restrictions may fairly be summarized as providing that if Star Market Co. were the buyer, the land would be free of restrictions; if an outsider offered to buy the

property, Star Market Co. had forty-five days in which to meet the offer; at the expiration of forty-five days without a purchase by Star Market Co. the outsider could buy the property free of restrictions. The judge correctly ruled that these restrictions could have no measurable effect upon the fair market price of the land, and their introduction in evidence might well serve only to confuse the jury. The Commonwealth also contends that there was error in the judge's refusal to strike the opinion, as to fair market value of the land, of an expert witness introduced by the petitioner. The witness based his opinion in part upon the factors from which a potential buyer might expect a change from residential zoning to business zoning. The ruling of the judge was correct since, upon all the evidence in the case, the jury could warrantably find that a willing buyer's evaluation of the land could be influenced by the possibility of a change in zoning. *Wenton* v. *Commonwealth*, 335 Mass. 78, 82. There was also no error in the judge's refusal to strike the same expert's opinion as to the fair market value of the land upon the basis, also urged by the Commonwealth, that all comparable sales considered by the expert were in Cambridge, rather than in Arlington where Lee's land was located. The jury could properly find that the sales were comparable in several important respects, particularly in view of the fact that Lee's land was located at the Arlington-Cambridge dividing line. The mere fact that the comparable sales were of Cambridge land did not require the exclusion of the expert's opinion of value. *Boyd* v. *Lawrence Redevelopment Authy.* 348 Mass. 83, 85-86. The Commonwealth also argues that the judge improperly excluded testimony by three of the Commonwealth's expert witnesses concerning unfavorable soil conditions upon the land. Our review of the record discloses that, as to two of the witnesses, the Commonwealth never offered such evidence. The testimony of the third expert witness concerning soil conditions was properly excluded by the judge when it was shown that relevant conditions had changed substantially between the date of the taking in 1962 and the date in 1969 when the expert made his soil borings. In particular, it was shown that substantial filling of the land occurred between 1962 and 1969.

*Exceptions overruled.*

*Charles Ingram*, Special Assistant Attorney General, for the Commonwealth.

*George A. McLaughlin, Sr.*, for Thomas J. Lee & another, submitted a brief.