ELIO DiBIASE, trustee, *vs.* TOWN OF ROWLEY. No. 91-P-547. September 9, 1992. *Damages*, Eminent domain. *Eminent Domain*, Damages. *Value. Evidence*, Expert opinion, Judicial discretion, Value.

It was central to DiBiase's eminent domain claim (G. L. c. 79, § 10) that he persuade the jury that there was a reasonable likelihood the planning board and conservation commission of Rowley would make certain discretionary rulings favorable to the construction of a residential condominium development at the top of Prospect Hill. Such a use, if allowed, would, according to witnesses for the plaintiff, represent the highest and best use of the land affected by the town's taking.[1] See *Skyline Homes, Inc.* v. *Commonwealth*, 362 Mass. 684, 686-687 (1972); *Colonial Acres, Inc.* v. *North Reading*, 3 Mass. App. Ct. 384, 386 (1975). A claimant for land-taking compensation may undertake to prove that there was a reasonable prospect that land use control impediments to the suggested highest and best use would be removed. *Roach* v. *Newton Redev. Authy.*, 381 Mass. 135, 136 (1980). *Salem Country Club, Inc.* v. *Peabody Redev. Authy.*, 21 Mass. App. Ct. 433, 435 (1986). On appeal, the plaintiff argues that evidence bearing on highest and best use was in some instances erroneously admitted and in others erroneously excluded. In consequence,

---

[1]The land was taken for purposes of constructing a water storage facility, including a water tank at the top of Prospect Hill.

the plaintiff asserts that the jury were misled into a finding of damages, $52,000, greatly less than he suffered.

1. *Expert testimony of the town's planning consultant.* According to the plaintiff, the trial judge erroneously permitted Carol J. Thomas, a witness called by the town, to interpret provisions of subdivision rules and regulations adopted by the planning board in accordance with G. L. c. 41, § 81M. Thomas testified that she had been a land use planning consultant to Rowley for thirty years and had participated in occasional revision of the planning rules and regulations. Preparatory to testifying whether she would have recommended to the planning board deviations from require- ments in the regulations for the grade of a road to run to the top of the hill and the length of dead-end streets, Thomas was permitted to state what those regulations prescribed.[2] Her answer did not transgress the principle, relied on by the defendant, that a statute ought not to be interpreted by a witness when the question whether the statute has been violated is to be decided by the finder of fact or by the presiding judge. See *Perry* v. *Medeiros*, 369 Mass. 836, 842 (1976). Here, Thomas was doing no more than setting the context for her opinion testimony that a ten percent grade and a dead-end street to the top of the hill (which was, one infers from the record, much in excess of 500 feet) would have been poor planning. An expert witness, in assisting a jury, may explain the basis for an opinion, even though the explanation may touch on the edges of matter to be de- cided. *Simon* v. *Solomon*, 385 Mass. 91, 105 (1982). Certainly Thomas, as a qualified expert, was entitled to state her views as to what appropriate street grades and maximum dead-end lengths were. It clarified matters to permit her to state her understanding of what the baseline criteria in the applicable regulations were.

2. *Excluded plan.* On the day the trial began, September 11, 1990, the plaintiff produced an alternate plan of development for Prospect Hill, showing, particularly, a longer but much less steeply graded access road. The town made a motion in limine that the alternate plan not be received because it had not been produced in response to discovery requests. An original response had been made in December, 1984, and the plaintiff had supplemented his response twice, the last time as recently as six months before trial. The judge acted well within his discretion in ruling that the plan was a surprise to the defense and that, in the spirit of Mass.R.Civ.P. 26(e), 365 Mass. 776 (1974), the alternate plan could and should have been furnished earlier. See *Cassano* v. *Gogos*, 20 Mass. App. Ct. 348, 355 (1985). Parenthetically, the surveyor who had drawn the alternate plan was permitted to testify that it was possible to design a less steeply graded access road than the ten percent solution.

---

[2] She said the maximum allowable grade for a secondary street was four percent (presumably in relation to a horizontal) and that the maximum allowable length of a dead-end street was 500 feet.

3. *Exclusion of testimony about scarcity of large lots.* After being permitted to testify that he, as a builder, walked many potential sites in 1981 and 1982, Douglas R. Conn, a witness for the plaintiff, was asked, "And did you find out during your review of the value — the price of the large lots for development, did you find that there was a certain scarcity of those lots for condominium development?" An objection to the question was rightly sustained for the reason, if no other, that it was shamelessly leading. Of course, the value of the locus as a site for condominium development was academic in light of the jury's determination that the town would not have accorded to the plaintiff the dispensations required to use his land for that purpose. That observation disposes of a claim by the plaintiff that it was error not to permit Conn to testify about the comparability of the locus to a condominium development he had undertaken in North Reading.

4. *Sufficiency of evidence to support jury's answer to special question.* The jury were asked: "Do you find that there was a reasonable likelihood, prior to the taking on October 4, 1982, of approval by the applicable boards of the town of Rowley of a condominium development at the top of Prospect Hill?" The jury answered, "No," and the plaintiff protests on appeal that this was against the weight of the evidence. One may arrive at the plaintiff's conclusion only by believing all evidence offered by the plaintiff, which the jury, of course, were not bound to believe, and by rejecting the town's evidence. The plaintiff's argument is without merit.

5. *Refusal to award an additur.* Finally, the plaintiff urges that as matter of law he was entitled to an additur or a new trial, so deficient were the damages awarded by the jury. We do not disturb the denial of the plaintiff's motion for a new trial for reasons discussed in *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715-716 (1972); i.e., it does not appear to us that the damages awarded were greatly disproportionate to the injury proved.

*Judgment affirmed.*

*William W. Garth, IV (Steven J. Marullo* with him) for the plaintiff.
*Darrell Mook* for the defendant.