Roach, Christine M., J.
This case was filed September 18, 2009 as a Verified Complaint for Injunctive Relief seeking disqualification of counsel, Defendant Proskauer Rose, LLP (Proskauer), in an arbitration matter pending between Plaintiff Micromet and Defendant Curis, Inc. Curis is the claimant and Micromet the respondent in a pending arbitration concerning an alleged breach of a contract entered into in 2001 for sale of a product (Arbitration). The Arbitration claim is for in excess of $15 million in damages. A preliminary hearing was first scheduled before Ball, J. September 29, 2009, but was continued to October 9, 2009, when it became apparent Judge Ball knew one of the witnesses involved. Following review of the voluminous materials, including a Surreply-filed by Proskauer on October 9, 2009, as well as the arguments made at hearing that day, I find and rule as follows.

Motion to Strike

Micromet has moved to strike the Affidavit of J. Charles Mokriski offered by Proskauer in opposition to its disqualification. The Mokriski Affidavit offers his “opinion on whether representation of Curis in the Arbitration by lawyers at . . . Proskauer creates a conflict of interest under the Massachusetts Rules of Professional Conduct." Affidavit, at para. 2.
Mr. Mokriski’s credentials and qualifications as a potential expert witness in the area of attorney professional responsibility are not at issue; as it turns out both of the law Arms with appearances in this case have used, or have sought to use, Mr. Mokriski as an expert witness in that regard. Rather, Micromet asserts that issues of disqualification are matters of law for the court alone, as distinct from issues of legal malpractice, on which expert testimony may well be admissible before judge or jury on the question of negligence. Curis in its Opposition to the Motion to Strike seeks to enumerate alleged factual issues at stake in the disqualification question, on which it asserts expert testimony would be both admissible and helpful to the court.
I rule Micromet has the better of this legal argument. I read Fishman v. Brooks, 396 Mass. 643, 649-50 (1986), as well as the subsequent SJC opinions involving BBO decisions, to confirm the not particularly surprising distinction between questions of legal ethics (which this is) and questions of legal malpractice (which this is not). I do not read the discussion of this issue in Fishman to be the mere dicta argued by Proskauer, nor do I believe the maxim is limited to matters which originate in bar discipline proceedings. I have reviewed all of the cases cited by Proskauer, and find this “bright line” remains; each of those cases entertaining expert opinion by way of affidavit involved matters of attorney malpractice pleaded as a substantive count in a complaint. The fact that juries may sometimes be allowed to consider evidence of rules violations as some evidence of negligence does not alter this analysis. “Generally, expert testimony concerning the fact of an ethical violation is inadmissible.” GTE Government Sys. Corp. v. Rakemann, Sawyer & Brewster, 1993 WL 818682, at *3 [1 Mass. L. Rptr. 394] (Mass.Super.Ct. Dec. 6. 1993) (McHugh, J.) (emphasis supplied).
I further note that allowance of the Motion to Strike works no prejudice on Proskauer. Having reviewed the Mokriski Affidavit prior to the Motion to Strike’s being filed, I am confident it offers neither facts nor opinion of the sort not already freely argued by counsel, and already considered by the court in that context. Accordingly, Micromet’s Motion to Strike the Mokriski Affidavit is ALLOWED.

Standing

Proskauer’s first line of defense to disqualification is that Micromet does not have standing to bring such a claim, as it is not one of the “clients” whose interests are alleged to be at risk of compromise by Proskauer. The undisputed facts with respect to the involved parties are as follows. Micromet is a publicly traded company. Omega Advisors, Ltd. (Omega) is a Proskauer client, whose affiliates own a seven per cent (7%) share in Micromet. Mr. Otello Stampacchia (Stampacchia) is a principal of Omega, and is also one of nine directors of Micromet. Due to the structure of Omega, Stampacchia may be deemed the beneficial owner of Omega’s Micromet shares. Proskauer has represented Omega in securities matters, and in that context has performed routine SEC filings and other generic securities work for Stampacchia, in his capacity as principal of Omega only. Curis has consented to the allegedly conflicting representation; Omega and Stampacchia have not.
I rule for purposes of this disqualification Motion that while both Curis and Omega are clients of Proskauer, Stampacchia is not. Roberston v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989); MRPC 1.13(a), (f), (g). The authority offered by both sides on the standing question is admittedly sparse. Another judge of this court (Locke, J.) noted in Limbach Company v. Alstom Power, Inc., 2003 WL 21500580 (Mass.Super) [16 Mass. L. Rptr. 349], that it is “ordinarily” the client who is entitled to raise a conflict claim. Id. at *2. However, Judge Locke did not rule that only a client can raise such a claim, and in that case went on to consider the motion on the merits for the alleged non-client. Similarly, in Kevlick v. Goldstein, 724 F.2d 844, 847-48 (1st Cir. 1984), no blanket rule was announced; the court simply noted that in certain circumstances disqualification may be sought by opposing counsel. As with much in this area of the law of lawyering, disqualification rulings are “intensely fact specific.” Coke v. Equity Residential Properties Trust, 440 Mass. 511, 517 (2003). Based on the facts before me here, I rule Micromet may raise the disqualification challenge.

*485
LUcelihood of Success on the Merits

As Micromet chose to join the disqualification issue by filing a complaint for injunctive relief, it must meet that standard. Micromet must persuade the court that the combination of its likelihood of success on the merits of the disqualification issue, with the risk of irreparable harm to it, outweighs both the risk of irreparable harm to Curis by disqualification, and Curis’ likelihood of success on this issue. John T. Callahan & Sons, Inc. v. City of Malden, 430 Mass. 124, 130 (1990); Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1990). I find and rule Micromet has not met this standard.
Pursuant to Massachusetts law, Micromet has the substantial burden of persuading the court that Proskauer’s representation of Curis taints the legal system. Slade v. Ormsby, 69 Mass.App.Ct. 542, 545-46 (2007). A court may not lightly disrupt the relationship between lawyer and client; such a motion requires searching review before a disqualification order is warranted. Adoption of Erica, 426 Mass. 55, 60-61 (1997). To do so here, Micromet must at least persuade the court that Proskauer is violating the ethical rules. First, as indicated above, I find Micromet is not likely to succeed in its argument that both Omega and Stampacchia are clients of Proskauer. Second, I find Micromet is not likely to succeed in its argument that the Arbitration representation is either “substantially related” to the representation of Omega, or “directly adverse” to its interests. MRPC 1.7(a). Third, I find Micromet is not likely to succeed in its argument that Proskauer’s work in either the Arbitration (for Curis) or the SEC matters (for Omega) will be “materially limited” by its work for the other. MRCP 1.8(b). Erica, 426 Mass. at 65. And lastly, the record reflects nothing but speculation about what, if anything, Stampacchia — who joined the Micromet board in 2004 — knows about the 2001 contract between Micromet and Curis and performance of same since that time. I find such speculation, particularly when it is described alternately as questions of “confidential information relating to Micromet and its litigation strategies,” or Stampacchia’s somehow having been “privy to an insider view” of Micromet’s general company philosophy, unavailing for purposes of injunctive relief.
The parties agree on little, but each concedes that none of the authorities relied upon — within Massachusetts or without — is closely on point. The real claim here is one for conflict of financial interests, or “economic adversity” conflict. As such, Micromet’s motion “touches on an unsettled and vigorously debated area of professional ethics.” Coke, 440 Mass. at 516. On one side of the spectrum we have examples of competing economic enterprises which fear unfair competition as a result of attorney conflict. MRPC 1.7(a), Comment 3. On the other side of the spectrum are situations of closely held businesses or estates, where the clients have close financial or personal relationships but find themselves as direct adversaries, and counsel literally appears on both sides of an issue closely related in both time and subject matter. In Re Carnahan, 449 Mass. 1003 (2007) (single attorney for potential debtor and creditor, one of whom was elderly, representing on subject matter of debt and transfer of authority); Credit Index L.L.C. v. Riskwise Int’l L.L.C., 746 N.Y.S.2d 885 (N.Y.Sup.Ct. 2002) (counsel had previously drafted documents for principal of plaintiff, that were now at issue in the litigation in which he sought to represent the defendant); North Star Hotels Corp. v. Mid-City Hotel Assocs., 118 F.R.D. 109 (D.Minn. 1987) (single attorney for two clients whose 50% shareholder was also a general partner of the defendant). Neither of these two extremes is true here. There is no claim against a current client of Proskauer other than Curis. Omega is not a corporate affiliate of Micromet. MRPC 1.7, Comment 8 (no automatic disqualification even without consent); ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion 95-390, Conflicts of Interest in the Corporate Family Context. The alleged adversity to Omega is, at best, indirect. And there has been no showing that any of Proskauer’s SEC representation of Omega is a “substantially related matter” to the Arbitration.
Micromet argues that if it loses the arbitration, Omega (and Stampacchia) will lose stock value. I note that economic loss alone does not usually rise to the level of irreparable harm, unless it threatens the very existence of a business. Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Electric Co., 399 Mass. 640, 643 (1987). Curis, in contrast, stands to lose much more than the fees it has expended: the intangible value of a close strategic and advisory relationship of its choice, of more than one year’s duration. I therefore find the more persuasive guidance in Massachusetts precedent compels me to find no conflict, and to DENY the request for injunctive relief.
As I find no conflict, I do not address the many and obvious practical mechanisms available to the parties to reduce, if not eliminate, any appearance of impropriety, and put to rest any genuine client anxieties. The heat of the written and oral presentations to the court in this matter would strongly counsel pursuit of same. In particular the court presumes all counsel will continue to abide by their obligations with respect to confidential information (MRPC 1.8(b) and 1.10(e)), and that no order is necessary in that regard.
Conclusion
Micromet’s Motion to Strike the Affidavit of J. Charles Mokriski is ALLOWED;
Micromet’s Prayers for Preliminary and Permanent Injunctions (i), (ii) and (iii) are DENIED; and
This case is DISMISSED.